## LOFTUS v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted January 4, 1921. Decided February 7, 1921.)

No. 3435.

Criminal law ⬤⇒404(4)—Proof of custody held insufficient to authorize admission of bottle purchased from defendant.

In a prosecution for unlawful sale of intoxicating liquors, where the witnesses marked for identification a bottle purchased from defendant, but the custody of the bottle was not accounted for during the 18 months between the purchase and the trial, the bottle and contents were not admissible in evidence without proof that either at the time of purchase or when offered it contained whisky.

In Error from the Police Court of the District of Columbia.

Peter Loftus was convicted of selling alcoholic liquors prohibited by law, and he brings error. Reversed and new trial ordered.

Wilton J. Lambert, T. M. Wampler, and Foster Wood, all of Washington, D. C., for plaintiff in error.

F. H. Stephens and F. W. Hill, Jr., both of Washington, D. C., for the District of Columbia.

HITZ, Acting Associate Justice. This case comes to this court upon a writ of error, duly allowed, from the police court of the District of Columbia. The plaintiff in error, hereinafter called the defendant, was charged by an information, filed December 20, 1918, in the first count, with having on December 19, 1918, sold certain alcoholic and other liquors prohibited by law. There was a second count charging him with keeping the same for sale, but at the trial, which took place June 15, 1920, on motion of the defendant, the District elected to stand on the first count. The facts necessary to be stated in view of the conclusion of this court may be summarized as follows:

On December 19, 1918, police officer Bean, in company with another policeman and one Simpson, met Charles Mackall, to whom Bean gave two $1 bills, keeping a record of their serial numbers. Bean then searched Mackall, and found no liquor upon him. Mackall then went out of the back door of the Washington Hotel, where the parties then

were, and the others taking a position in a doorway some half a block or more from the place of business of the defendant saw Mackall enter the same. In a few minutes he came out and handed to Simpson a half pint bottle, which bottle was identified then and at the trial by marks placed on a paper pasted to the bottle. The bottle was then handed by Simpson to Bean; by Bean to the witness Burke, who deposited it at the police station, where it remained in a cell to which Burke had the key for some time, but after his subsequent transfer to another precinct he had no access to said cell. The men in charge of the station had a general supervision over the cell in question and the bottle, but no man was detailed especially for that purpose. When produced at the trial the seal of the bottle had been broken and the cork had been removed and replaced. The contents of the bottle had never been analyzed, nor authentically tasted, but the contents smelled of whisky.

Seasonable objection to the introduction of the bottle and contents as evidence before the jury was made, but the trial court admitted it in evidence to which ruling exception was taken. Much other testimony, not relating to this particular bottle, was introduced, some 18 instructions were asked by the defendant and refused, and after a charge by the court, which is in the record, the jury returned a verdict of guilty, upon which a sentence involving fine and imprisonment was imposed.

[1] A number of assignments of error are presented, but in the view of this court the only one necessary to be considered is the third, relating to the admission of evidence. We think it was error to admit in evidence the half pint bottle and contents, under the proof above recited. Between the date of the alleged sale and the time of trial about 18 months elapsed. The custody of the bottle during that long interval was not accounted for, it had been opened and recorked, and there was no proof to show that either at the time of its alleged purchase or when produced before the jury it contained whisky or other alcoholic drink. Evidence legally sufficient to show that the bottle at the time of its purchase did contain the liquid charged in the information was essential as a basis for conviction.

This, in our judgment, was lacking, and by reason of the error of the trial court in allowing proof of the nature above indicated to go to the jury, the judgment below must be reversed, and a new trial ordered.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice ROBB.