**FORD v. DISTRICT OF COLUMBIA.**

Nos. 1305, 1306, 1307.

Municipal Court of Appeals for the District of Columbia.

Argued March 30, 1953.

Decided April 23, 1953.

Albert A. Stern, Washington, D. C., for appellant.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A jury in Juvenile Court having adjudged him to be the father of three infant chil-

dren and the court having subjected him to orders for their support, appellant brings the case here for review. Of the several errors assigned, the most important relates to the refusal of the trial judge to permit defendant's attorney to give testimony.

A basic defense in the case was that with reference to the two older children the proceeding was barred because not instituted "within one year after the putative father has ceased making contributions for the support of such [children]".[1] Complaining witness testified that defendant had made contributions of food and clothing within the one-year statutory period. On cross-examination she denied having made contrary statements at a preliminary hearing before another judge. Claiming that this denial took him by surprise, defendant's attorney proffered his own testimony to the effect that at the earlier hearing the complaining witness had given testimony to the opposite effect and had there said that defendant had made no contributions for the support of the children. The attorney said he had attempted to see the judge who sat at the preliminary hearing and to obtain the judge's notes of such hearing (in order to compare them with his own notes) and had been told that such notes had been destroyed.

At first the trial judge indicated that the attorney would not be permitted to testify because his testimony would not be in the conventional question and answer form. Later, after some discussion, the judge ruled that the attorney could not be both counsel and witness, that he could not testify without first withdrawing from the case, and refused to permit him to testify.

On the subject of the competency of an attorney to testify in behalf of his client much has been written by judges and text-writers. See exhaustive historical treatment of the subject, with many case citations, in Wigmore on Evidence, 3d Ed., sec. 1911 (1940) ; see also Annotation, 118 A.L.R. 954; Jones on Evidence, Civil Cases, 4th Ed., p. 1360 (1938) ; concurring opinion of Jackson, J., in Hickman v. Taylor, 329

---

1. Public Law 917, Ch. 1225, 81st Cong., 2d Sess., approved January 11, 1951, 64 Stat. 1240. Apparently through inad-vertence this law does not appear in the 1951 edition with Supplement I of the District of Columbia Code.

U.S. 495, 517, 67 S.Ct. 385, 91 L.Ed. 451; Shipley, Journal D.C.Bar Assn., Vol. XX, No. 1, p. 10. While it has been generally deplored and even condemned as an unethical practice, courts have almost without exception held that whatever opprobrium (or even whatever punishment) should be laid upon an attorney who offers his own testimony, his client is entitled to the benefit of such testimony. We can add nothing of value to the literature on the subject. Moreover the rule for this jurisdiction has been clearly stated in Callas v. Independent Taxi Owners' Ass'n, 62 App.D.C. 212, 66 F.2d 192, 194, certiorari denied, 290 U.S. 669, 54 S.Ct. 89, 78 L.Ed. 578. There an attorney, though he had advance knowledge that his testimony would be necessary, did not associate other counsel with him but went upon the witness stand and gave evidence. The trial judge then refused to permit him to argue the case to the jury. On appeal this ruling was held erroneous, the court saying, "We agree that, in view of his knowledge of the necessity for his testifying, counsel's failure to withdraw was a disregard of professional propriety which deserved the discouragement of the court." "But," the opinion went on to say, "if any further punishment was deemed necessary, it should have been made to fall upon the counsel after the trial, and not upon the client, and should not have deprived the client of any argument in support of his case."

It is fair to say that counsel for the Government have with commendable candor included in their brief many citations supporting their opponent's position. While not actually confessing error, the Government has freely recognized that there is an almost complete unanimity of authority against the ruling made below.

We are not aware of any widespread or too-frequent practice in this jurisdiction of lawyers attempting the dual role of advocate and witness. Nor is such a practice likely to develop to a disturbing degree. Common sense and a regard for ethical propriety and the integrity of trial procedure will tell most lawyers when to avoid the witness chair; otherwise judicial deterrents will be available to control the mischief. We think that in the circumstances of this case we are required to rule the defendant should not have been denied the benefit of his lawyer's testimony.

Since there is to be a second trial, we mention two other matters which may arise. Appellant criticizes the instruction on the presumption of innocence and the failure of the defendant to take the stand. In an opinion by the late Judge Clagett, we spelled out what a defendant is entitled to have the jury told on this subject. In re Davis, D.C.Mun.App., 83 A.2d 590. There should be no difficulty in framing instructions to conform with that decision.

Appellant also complains that he was improperly denied the right to cross-examine complaining witness in his effort to show that she made the charge at the insistence of someone at the Board of Public Welfare, where she had sought financial assistance. Reasonable inquiry into this subject should be permitted at the next trial.

Numerous other errors are assigned. Some are not briefed or argued or supported by citations; others are not likely to arise at the retrial, and still others are without merit.

Reversed with instructions to award a new trial.