**KELLY v. DISTRICT OF COLUMBIA.**

No. 1403.

Municipal Court of Appeals for the

District of Columbia.

Argued Dec. 14, 1953.

Decided Jan. 22, 1954.

Robert I. Miller, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, defendant below, was convicted on four counts of keeping for sale and selling alcoholic beverages without a license in violation of D.C.Code 1951, § 25–109. Two assignments of error are presented on this appeal. The first relates to the continuous possession of three bottles of whiskey, purchased and seized from defendant by the arresting officers. The second concerns the exhibition before the jury of numerous other bottles and cans, the contents of which were not shown to contain alcohol.

The essential facts may be summarized as follows: On March 6, 1953, police officer Lewis purchased a half-pint of liquid labeled "Bourbon de Luxe" from defendant at her residence, and consumed a portion of the contents while still on the premises. He testified that he had tasted whiskey before and that the contents of the bottle tasted like whiskey. After placing certain marks of identification on the label of the bottle, Lewis turned the bottle over to police officer Erfert. On March 13, 1953, Lewis purchased another half-pint of liquid bearing the same label from defendant. Shortly thereafter Officer Erfert entered with a search warrant and seized a quantity of bottles bearing "Sherry Wine" and various other labels. He also seized 42 cans of beer. Lewis again placed identifying marks on the label of the bottle he had purchased and turned it over to Erfert. At trial two bottles were shown to Lewis, and he identified them as the bottles he had purchased at defendant's home.

Erfert testified that he had placed the seized bottles and cans into certain cartons and boxes and affixed a tag thereto with the defendant's name, address, the date and time seized, and the quantity and labels of the bottles and cans. He said that he took one of these bottles together with the two bottles received from Officer Lewis and delivered them to the receiving clerk at the laboratory of the Bureau of Internal Revenue. The officer then identified the bottles and cans before the jury as those seized or purchased at defendant's residence.

A chemist from the Bureau of Internal Revenue testified that he analyzed the three bottles of liquid given to him by the receiving clerk and found that they contained alcohol more than 1% by volume. The three bottles analyzed, together with the bottles and cans seized under the search warrant, were then offered in evidence. Defendant moved for a directed verdict of acquittal on the ground that there was no proof of continuous possession of the bottles offered in evidence. The motion was denied. Defendant presented no testimony and was convicted on all four counts contained in the information.

■ Defendant contends that the denial of her motion for acquittal was error. The basis of this argument is that the Government failed to show continuous possession of the three bottles sent to the Bureau of Internal Revenue because there was no testimony by the receiving clerk as to his possession and disposition of the bottles. We cannot agree with this argument. The chain of possession was uninterrupted from the time of the purchases and seizure until the bottles were left with the receiving clerk at the Bureau. The Government chemist testified that the standard procedure at the laboratory was for the receiving clerk to immediately assign a laboratory number to each specimen brought in and to then place them in a locked cabinet assigned to one of the chemists. He testified that only the particular chemist had access to his locked cabinet. The chemist further testified that he had continuous possession of the three bottles from the time they were placed in his cabinet, and that he personally brought them to the trial. Under these facts the Government established sufficient proof of continuous possession to warrant the denial of the motion for acquittal,[1] and the testimony of the receiving clerk as to his possession of the bottles was not indispensable.

■ Defendant next contends that it was error to allow the various bottles and cans seized from her to be exhibited to the jury, as there was no showing that there were alcoholic beverages in any of these containers. The statement of proceedings and evidence fails to show that any objection was made to this evidence during the course of the trial. We have stated before that matters not objected to

1. See Novak v. District of Columbia, 82 U.S.App.D.C. 95, 160 F.2d 588, and Loftus v. District of Columbia, 50 App.D.C. 285, 271 F. 127, where proof of continuous possession was held insufficient.

during trial, and therefore not called to the attention of the trial judge, will not be subject to review on appeal.[2] In addition, the bottles and cans exhibited were merely cumulative of the officers' testimony that such articles were seized under the search warrant.

Affirmed.

2. Taylor v. James, D.C.Mun.App., 85 A. 2d 62.