## FORD v. DISTRICT OF COLUMBIA.
### Nos. 1418–1420.

Municipal Court of Appeals
District of Columbia.

Argued Jan. 11, 1954.

Decided Feb. 25, 1954.

Saul G. Lichtenberg and Albert A. Stern, Washington, D. C., for appellant.

Hubert B. Pair, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Assistant Corporation Counsel, and Harry L. Walker, Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

A jury in the Juvenile Court found appellant to be the father of three bastard children. He appeals from that finding and the subsequent order of the court requiring him to support the children.

This cause was previously before us in Ford v. District of Columbia, D.C.Mun. App., 96 A.2d 277.

At that time we awarded appellant a new trial because of the trial judge's refusal to allow the defense counsel to testify in his client's behalf.

■ Several errors are assigned on this appeal. Among those requiring discussion is one which relates to the right of the trial judge to explain to the jurors the history of the Act [1] under which the proceedings were brought. At trial the judge stated to the prospective jurors that one of the purposes of this Act was to establish paternity and to provide for the maintenance of children born out of wedlock, and that prior to the enactment of this statute illegitimate children were without legal status in so far as support was concerned and often became charges upon the public. Counsel for defendant made no objection to this introductory statement at the time it was made, but now contends that it was prejudicial to defendant in that it informed the jurors that if defendant was not made to support these children then they as taxpayers would indirectly have to bear this burden. The familiar rule that matters not raised by a party in the trial court will not be considered on appeal [2] is sufficient answer to this contention. But even if an objection had been interposed, we find no error in the court's statement. A judge is more than a mere referee and has the duty and responsibility to advise the jury panel of the nature of a case in order to ascertain whether the jurors are free of prejudice and are otherwise qualified. It is plain that the defendant was not prejudiced as a result of the statements mentioned.

■ Defendant also argues that error was committed by the court when it failed to rule that the proceedings were barred as to the two older children, since the putative father had ceased making contributions to their support more than a year before the proceedings were instituted. The Act provides that the proceedings must be brought within two years after a child is born, or within one year after the putative father ceases to contribute to the support of the child. There was testimony by the complaining witness that defendant had furnished money, clothes, food, and milk for the children at various times, and that some of these things were furnished within a year of this action. Thus if the jury believed her testimony, there was ample support for holding that the proceedings as to the two older children were not barred.

■■ Another assignment of error relates to the testimony of the complaining witness that defendant paid for the delivery of milk for several months. It is defendant's contention that the best evidence rule required the production of the records of the milk company. With this we cannot agree. The best evidence rule is generally applied only where the contents of a writing are in issue.[3] In other cases where the witness has an independent recollection of the facts to which he testifies, his testimony is not inadmissible merely because there is a written record of those facts and that record is not produced.[4] In the instant case there was no attempt to prove the terms of a writing. The issue was simply whether defendant paid for the delivery of the children's milk. Although the milk company's records would possibly show who paid for the milk, they were not the only admissible evidence concerning that fact.

■ A final contention is that it was error for the trial judge to fail to instruct the jury concerning the defendant's failure to take the stand. A study of the transcript of the trial in the present case reveals no such request by defense counsel.

---

1. Public Law 917, Chap. 1225, 81st Cong., 2d Sess., approved January 11, 1951, 64 Stat. 1240.

2. Kelly v. District of Columbia, D.C.Mun. App., 1954, 102 A.2d 308.

3. Meyers v. United States, 84 U.S.App. D.C. 101, 171 F.2d 800, 11 A.L.R.2d 1, certiorari denied 336 U.S. 912, 69 S.Ct. 602, 93 L.Ed. 1076.

4. Anderson v. District of Columbia, D.C. Mun.App., 48 A.2d 710.

The remaining assignments of error are either not supported by the record or without legal substance.

Affirmed.

HOOD, Associate Judge (concurring).

I agree with the judgment of affirmance in this case, but I disagree with the implication in the opinion that except for his failure to make timely request appellant was entitled to have the jury instructed that no unfavorable inference was to be be drawn from his failure to testify. Such an instruction is appropriate only in a criminal case and a bastardy proceeding is not a criminal case.