Blanche PRICE, Appellant,

v.

UNITED STATES, Appellee.

No. 2024.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 19, 1957.

Decided Nov. 5, 1957.

Willis C. Payton, Washington, D. C., with whom Roy Garvin, Washington, D. C., was on the brief, for appellant.

Milton Eisenberg, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Lewis Carroll and William A. Dougherty, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

In a nonjury trial appellant was convicted of soliciting for prostitution [1] and sentenced to ninety days in jail. On appeal she alleges that there was insufficient evidence to sustain a conviction; that the trial judge erroneously admitted certain hearsay testimony; and that it was error to permit a reopening of the case after both the Government and defense had rested and final arguments had commenced.

An officer of the Metropolitan Police Department testified that in the early morning of March 17, 1957, while standing on a street corner engaged in conversation with a sailor, appellant and a female companion walked by, closely followed by four sailors and a man in civilian clothes. As appellant passed she winked at the sailor

1. Code 1951, Supp. V, § 22–2701. " * * it shall not be lawful for any person to invite, entice, persuade, * * * any person or persons * * * for the pur- pose of prostitution, or any other immoral or lewd purpose, under a penalty of not more than $250 or imprisonment for not more than ninety days, or both."

who was conversing with the officer, and he in turn inquired of one of those in the group following appellant where they were going. The reply, which was in the parlance of streetwalkers and their associates and which need not be repeated here, was to the effect that they were going with the girls, who had offered themselves for a price. The officer and his sailor associate followed the group to an address on Eye Street. As he walked up the steps appellant asked him who he was, and when he stated that he was with the sailors she invited him inside. Once inside, appellant offered "to take him on" for ten dollars; he handed her two five dollar bills and then identified himself and placed her under arrest.

After this testimony, the Government rested its case. Appellant did not take the stand, nor did any witness testify on her behalf. During closing argument the question was raised why the Government failed to produce witnesses who were supposedly available. Over objection, the officer was recalled to the stand and testified that the one sailor who had heard the solicitation had told him on the morning of the incident that he "was in off a ship from Virginia"; the inference intended to be drawn from this being, of course, that the sailor was unavailable at the time of trial. Thereafter, appellant's counsel and the prosecutor again began arguing the case to the trial judge. There was a lengthy discussion concerning the requirement of corroboration in a case of this nature, and the trial judge continued the case for further consideration of this point.

When the case came on for further hearing, the prosecutor, although still maintaining that corroboration was not required in a case of solicitation for prostitution, informed the trial judge that he had available a corroborating witness, and over objection this witness was permitted to take the stand. He testified that he was an officer of the Metropolitan Police Department; that on the morning of the alleged offense he answered "a run" at the Eye Street address; that when he entered the premises he saw three men and a girl coming down the stairs; and that appellant was in the bedroom with the first officer, who at the time had her under arrest. After additional argument and another continuance, the trial judge found appellant guilty and imposed sentence.

■ Initially, appellant argues that on the evidence it was impossible for the trial court to find guilt beyond a reasonable doubt. Obviously we cannot accept such an argument. The Government's testimony was uncontradicted and no denial or explanation was offered by appellant. If the trial court believed the testimony, as obviously it did, it would be difficult to arrive at a conclusion other than guilty. Certainly if a finding of guilt cannot be predicated on the evidence presented in this case, there would be few, if any, convictions of this offense.

However, appellant contends that under the decision in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150, 154, the officer's testimony had to be corroborated; that the testimony of the second police officer was not sufficient corroboration; and that even if it could be considered sufficient, it was prejudicial error to have permitted that officer to testify after both sides had rested and closing arguments had begun.

■ We do not understand the Kelly case to require corroboration in a case of the present sort. The Kelly case involved "the testimony of a single witness to a verbal invitation to sodomy"; and in Guarro v. United States, 99 U.S.App.D.C. 97, 98, 237 F.2d 578, 579, it was said: "Our decision in Kelly did not purport to be based on any express or implied requirements of Section 22–2701, and indeed did not deal with all the crimes comprehended within that section. It was based rather on the peculiar nature of a charge involving homosexual conduct, and the difficulties that face

a person accused of such conduct." The formal charge in Guarro was simple assault, but in reality it was a charge involving homosexual conduct, and it was held that the standards set forth in Kelly were there applicable. In the present case there is no element of homosexuality and we rule that the Kelly case has no application.

■ However, in this case there was the corroborating testimony of the second officer as to appellant's presence at the time and place of the alleged offense, and the reopening of the case in order to receive this testimony was within the sound discretion of the trial court.[2]

2. Williams v. United States, 94 U.S.App. D.C. 173, 213 F.2d 25; Savage v. District of Columbia, D.C.Mun.App., 54 A.2d 562.

■ Finally, appellant contends the trial court erred in permitting in evidence the conversation between the sailor to whom the arresting officer was talking and one of the sailors walking behind appellant. The claim is made that the conversation was hearsay and inadmissible. But there was evidence from which the trial judge could infer that appellant was within hearing distance of the two sailors when the conversation took place, and that she, in fact, heard the conversation. In any event, if error was committed it was not prejudicial for the finding of guilt was based upon the solicitation which occurred subsequently.

Affirmed.

See also United States v. Schneider, 21 D.C. 381.