**William L. McGHEE, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2054.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 21, 1957.

Decided Jan. 21, 1958.

Bernard W. Kemp, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted on a charge of committing a "lewd, obscene, or indecent act." [1] The complaining witness testified that she and a male companion were sitting in an automobile parked in an alley at the rear of the apartment house where she lived, and that at about 1:00 o'clock in the morning appellant drove a delivery truck into the alley and parked it, walked to the rear of the apartment house, peered into one of the windows and then committed the act. She blew the horn of the car in which she was seated and ap-

---

* D.C.Mun.App., 133 A.2d 470, 473.

1. Code 1951, Supp. V, 22-1112.

pellant ran to the truck and drove away. On the following day she saw appellant enter the apartment building to make a delivery, and recognized him. The police were notified and appellant was arrested and charged. Her companion corroborated her testimony as to the occurrences in the alley but did not identify appellant as the one who committed the act. Appellant took the stand and denied being in the alley on the occasion and several witnesses corroborated his testimony.

Appellant argues that, because complaining witness's companion did not identify appellant, it is possible that complaining witness was mistaken in her identification of appellant. Of course, such was possible, but this possibility simply presented a question of fact for the trial court. Appellant further argues that the evidence was as consistent with his innocence as with his guilt. The Government's evidence, which obviously was accepted by the trial court, was in no way consistent with appellant's innocence. The case simply presented a disputed question of fact, and we cannot find error in the trial court's ruling that appellant's guilt was established beyond a reasonable doubt.

■ Finally, appellant claims that the testimony of the complaining witness was not sufficiently corroborated within the ruling laid down in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150. In Price v. United States, D.C.Mun.App., 135 A.2d 854, we held that the ruling in the Kelly case was confined to "the peculiar nature of a charge involving homosexual conduct, and the difficulties that face a person accused of such conduct," citing Guarro v. United States, 99 U.S.App.D.C. 97, 237 F.2d 578. The instant case did not involve homosexual conduct, and we rule that the Kelly case is inapplicable. Moreover, the testimony of the complaining witness was corroborated by her companion in all its details except actual identification of appellant.

Affirmed.