**Georgianna PARKER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 2112.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 10, 1958.

Decided June 20, 1958.

peculiar nature of a charge involving *homosexual conduct,* * * *." (Emphasis supplied.) This court, in a case involving the same crime as we are concerned with here, said, "In the present case there is no element of *homosexuality* and we rule that the Kelly case has no application." (Emphasis supplied.)[1]

Even if corroboration were necessary, another police officer observed the parties involved and his evidence substantially corroborated his fellow officer's testimony as to time, place, and circumstances as required in Kelly.[2] It should also be noted that the defendant, testifying in her defense, supported the testimony of both officers as to time, place, and some of the circumstances.

Affirmed.

De Long Harris, Washington, D. C., for appellant.

Nathan J. Paulson, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., Lewis Carroll and Thomas M. O'Malley, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was convicted of soliciting for the purpose of prostitution under the provisions of Code 1951, § 22–2701 (Supp. VI). The person solicited was a police officer, and if the court believed his testimony, which it obviously did, it was justified in finding her guilty.

Counsel for appellant contends that the decision in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150, concerning the necessity for corroboration of the testimony of the person solicited, controls this case and that there being no such corroboration his client was entitled to an acquittal. We disagree.

As we understand the ruling in Kelly, it was bottomed on the fact that the offense of which the defendant was charged involved homosexuality. In Guarro v. United States, 99 U.S.App.D.C. 97, 98, 237 F.2d 578, 579, decided some years after the Kelly case, the court, construing its own decision in the latter case, said, "It was based rather on the

---

1. Price v. United States, D.C.Mun.App., 135 A.2d 854, 856. See also McGhee v. District of Columbia, D.C.Mun.App., 137 A.2d 721.

2. See also Howard v. District of Columbia, D.C.Mun.App., 132 A.2d 150.