James H. LEWIS, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 14601, 14617.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 13, 1958.

Decided Dec. 4, 1958.

Petition for Rehearing In Banc Denied
Jan. 12, 1959.

Certiorari Denied April 6, 1959.

See 79 S.Ct. 798.

Mr. Curtis P. Mitchell, Washington, D. C., with whom Mr. John A. Shorter, Jr., Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief for appellee. Mr. Edgar T. Bellinger, Asst. U. S. Atty., also entered an appearance in No. 14617 for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

These are appeals from two convictions upon two consolidated indictments charging violations of the District of Columbia lottery laws.[1] The principal question presented is, as stated by appellant: "Where one has been charged in a count of an indictment with operating for a given period of time a lottery in violation of Title 22, Section 1501 of the D.C. Code, may he also be charged in another subsequent count of the indictment with having violated the same statute during the same period by having sold a chance in the same lottery." The Government, on the other hand, contends that operating a lottery and the sale of numbers are separate offenses.

However, concurrent sentences were imposed in these cases;[2] and, under well settled rules, even if there were merit in this claim of error (which we by no means hold), appellant cannot complain, as any such error would be cured by the concurrent sentences. Cf. Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S. Ct. 1375, 87 L.Ed. 1774; Wanzer v. United States, 1953, 93 U.S.App.D.C. 412, 208 F.2d 45.

1. Title 22, Sections 1501, 1502, D.C.Code.

2. In the case giving rise to Appeal No. 14,617, appellant was indicted on May 27, 1957, and was found guilty on Count 1, operating a lottery from January 11, 1957 to January 18, 1957; Count 2, sale of numbers to one Carter on January 12, 1957; Count 3, sale of numbers to Carter on January 16, 1957; Count 5, possession of numbers slips on January 18, 1957. He was sentenced to serve one to three years on Counts 1, 2 and 3, and to serve one year on Count 5, all sentences to run concurrently.

In the case giving rise to Appeal No. 14,601, appellant was indicted on December 3, 1957, and was found guilty on Count 1, operating a lottery from September 24, 1957 to October 1, 1957; Count 4, sale of numbers to one Bigelow on October 1, 1957; Count 5, possession of numbers slips on October 1, 1957. He was sentenced to serve eight months to two years on Count 1, eight months to two years on Count 4, and one year on Count 5, all sentences to run concurrently.

The sentences in No. 14,617 were ordered to be served at the expiration of the sentences imposed in No. 14,601.

We have examined the other questions presented and find no error.

Affirmed.

BAZELON, Circuit Judge (concurring).

I would affirm solely on authority of Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Wanzer v. United States, 1953, 93 U.S. App.D.C. 412, 208 F.2d 45; Greene v. United States, 1957, 100 U.S.App.D.C. 396, 246 F.2d 677, certiorari granted 1958, 357 U.S. 934, 78 S.Ct. 1386, 2 L.Ed. 2d 1549, but see my dissent therein.