Donald E. CRADDOCK, Appellant,

v.

UNITED STATES, Appellee.

Donald E. CRADDOCK, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee
(two cases).

Nos. 2339–2341.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 24, 1959.

Decided July 21, 1959.

Carl J. Morano, Washington, D. C., for appellant.

Edward C. O'Connell, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee United States.

Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee District of Columbia.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant in 2339 was found guilty by a jury of simple assault on Police Officer Timmons and of disorderly conduct by the court in 2340 and 2341. He appeals from the assault conviction and because of the interrelationship of the cases we allowed an appeal in the disorderly conduct convictions under the provisions of Code 1951, § 11–772.

The acts of disorderly conduct were alleged to have occurred at about the time of the assault and by agreement of counsel the three cases were consolidated for trial, the assault case being tried by a jury and the disorderly conduct cases by the court.

Appellant's main contentions are that the court erred in its instructions to the jury in the assault case and that the trial judge erred in finding him guilty of the two charges of disorderly conduct. To understand the nature of his contentions a summary of the evidence is necessary.

Officer Timmons testified that shortly after midnight on October 6, 1958, while off duty and in plain clothes, he entered a sandwich shop on Good Hope Road, S. E. As he was entering he was obliged to give way to appellant "who was leaving the premises with his arms outstretched in a flying motion." Later on, while the officer was still in the premises, his attention was attracted to appellant (who was then seated at a table) by the latter's use of loud, abusive and obscene language; appellant then approached the counter where sandwiches were being made and jumped halfway over the counter, snatching a large shaker containing both salt and pepper. Upon returning to the table he poured a handful of the salt and pepper into a napkin which he then threw on the floor. At this point Timmons approached appellant's table and warned him to quiet down and behave himself. The latter asked the officer, "who the hell are you, a wise guy?" The officer then exhibited his badge to appellant and placed him under arrest for disorderly conduct. Appellant struck at the officer and struggled with him until the latter was able to subdue him temporarily. The arresting officer then requested Morris, a fellow officer, who had come into the sandwich shop, to aid him in maintaining the arrest; Timmons then telephoned for the patrol wagon. As he was leaving the shop with his prisoner to wait for the patrol wagon, a man named Tennien, who was convicted of assault growing out of the same fracas, asked Timmons "to give appellant a break." Upon being told to go back into the shop Tennien struck at Timmons causing him to let go of appellant. Another struggle then ensued while Timmons attempted to maintain his arrest.

While in front of an adjoining store, appellant shoved backward against Timmons pushing him through the plate glass window of the shop before which they were standing. Appellant fell on the officer and the latter received thirty-two stitches in his neck and head as a result of this occurrence. It was the assault on Timmons of which appellant was convicted.

Officer Morris testified that when he entered the sandwich shop he observed appellant and Timmons fighting and being called upon by the latter for assistance he went to his aid; that after the patrol wagon was called they went outside and when

Tennien attempted to fight Timmons, Morris came to his aid. In the struggle Tennien grabbed Morris' police baton and attempted to use it but was finally wrestled to the pavement by him.

A woman, who had been sitting at the same table in the sandwich shop with appellant, Tennien and a Mr. and Mrs. McLaughlin denied that appellant was using loud and abusive language and stated that his conduct was orderly. She admitted that Timmons exhibited his police badge in the manner that he had testified to, and that the latter struck appellant and they began to fight until Morris came to the assistance of Timmons. She further testified that Tennien went outside to intercede and was told to go back inside the shop.

Tennien testified that the appellant was behaving in an orderly manner and that he dropped the napkin containing the salt and pepper on the floor pursuant to the waitress' instructions. On cross-examination he denied seeing the police badge exhibited by Timmons; he testified that the latter pushed appellant and they started to fight. He further denied the testimony of the officers concerning what had transpired outside the premises, stating that it was Officer Morris who attempted to strike him first with his police baton.

We first dispose of the disorderly conduct convictions. One of these charges grew out of the conduct of appellant in the restaurant; the other occurred while he was struggling with Timmons outside the restaurant. It is clear from the record that the court was justified in finding appellant guilty of being disorderly in the restaurant; even if there were a doubt as to whether the character of his conduct while outside the restaurant amounted to disorderly conduct, he has no reason to complain as the court imposed concurrent sentences on these two charges.[1]

Appellant contends that the court should have instructed the jury that he had a right to use "reasonable force if the arrest is illegal." The court told counsel: " * * * there is no testimony that the arrest is illegal." It accordingly refused the requested charge. We agree with the trial court's determination.

We have carefully studied the entire instructions of the court and find that they fairly and adequately covered the issues.

Affirmed.

---

[1] Lewis v. United States, 105 U.S.App.D.C. ——, 263 F.2d 265.