Walter MILLER, Appellant,

v.

UNITED STATES, Appellee.

Nos. 2553, 2554.

Municipal Court of Appeals for the District of Columbia.

Argued April 25, 1960.

Decided June 7, 1960.

William B. Bryant, Washington, D. C., for appellant.

John Jude O'Donnell, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Daniel J. Mc-Tague, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

CAYTON, Acting Judge.

Separate informations were filed against appellant, one charging him with the larceny of an automobile tire, tube and wheel, and the other charging him with destroying movable property. The informations were consolidated for trial by the court and defendant was convicted of both charges. Identical sentences were imposed on the two charges, and were ordered to run concurrently. Appellant seeks reversal on the ground that the identification evidence was insufficient to establish guilt on either of the charges.

■ In any view of the case the conviction for destroying movable property would have to be sustained. The owner of the damaged automobile positively identified appellant as the man he found pressing down on the trunk with one hand and trying to turn the trunk lock with his other hand; and told of a brief conversation with appellant before appellant fled the scene. Despite appellant's denials, a conviction was justified.

There was no such identification in connection with the larceny of the tire (from another automobile). The only witness to the offense gave testimony so vague that it would have to be called no identification at all. We need not consider whether other evidence, circumstantial in nature, was enough to link appellant to the crime. The reason is, as the Government contends, that the sentences imposed were to run concurrently and in such a situation there is no

basis for reversal, because the sound conviction supports the aggregate sentence.

 This is the established rule of law, when convictions are had on separate counts of the same indictment or information,[1] or, as here, on separate charges consolidated for trial.[2]

Affirmed.

1. Greene v. United States, 100 U.S.App. D.C. 396, 246 F.2d 677; Wanzer v. United States, 93 U.S.App.D.C. 412, 208 F.2d 45. See also Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774.

2. Lewis v. United States, 105 U.S.App.D.C. 15, 263 F.2d 265; Daeche v. United States, 2 Cir., 250 F. 566; Norton v. United States, 8 Cir., 205 F. 593, certiorari denied 235 U.S. 699, 35 S.Ct. 200, 59 L.Ed. 432.