**Alva R. MAYLE, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

Nos. 2692–2694.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 13, 1961.

Decided March 8, 1961.

Arthur E. Neuman, Washington, D. C.,
for appellant.

H. Thomas Sisk, Asst. Corp. Counsel,
with whom Chester H. Gray, Corp. Counsel,
Milton D. Korman, Principal Asst. Corp.
Counsel, and Hubert B. Pair, Asst. Corp.
Counsel, Washington, D. C., were on the
brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code §
11–776(b).

CAYTON, Judge.

■ Appellant was convicted on two
charges of disorderly conduct and one of in-
toxication. One of the grounds on which he
urges reversal is based on the claim of
double jeopardy: he says that the two
disorderly charges arose out of the same
action. This question was not raised in
the trial court and is not available to ap-
pellant here as grounds for reversal.
Thomas v. District of Columbia, D.C.Mun.
App., 161 A.2d 52; Ford v. District of Co-
lumbia, D.C.Mun.App., 102 A.2d 838, af-
firmed 95 U.S.App.D.C. 87, 219 F.2d 769,
certiorari denied 349 U.S. 964, 75 S.Ct.
897, 99 L.Ed. 1286; Kelly v. District of
Columbia, D.C.Mun.App., 102 A.2d 308.
Even if it had been timely and properly
raised, we think the contention has no
merit. It was shown and the trial judge
properly found that there were two separate
acts of disorderly conduct, the first inside
a restaurant and the second several minutes
later and some fifty feet away on an outside
parking lot. Under such circumstances a
defendant lays himself open to prosecution
for each separate offense. Craddock v.
United States, D.C.Mun.App., 153 A.2d
649; Davenport v. District of Columbia,
D.C.Mun.App., 61 A.2d 486.

■ Appellant also challenges the evi-
dence for insufficiency. On this point we
need only say that it was shown by several
witnesses that he used profane and obscene
language in the presence of police officers
and others. The evidence sufficiently sup-
ported the conviction.

We have considered other matters dis-
cussed in appellant's briefs and we are
satisfied that the record is free of error
and that the judgments of conviction must
be

Affirmed.