James E. WILLIS, Appellant,

v.

UNITED STATES, Appellee.

Eugene R. THOMPSON, Appellant,

v.

UNITED STATES, Appellee.

James E. WILLIS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Eugene R. THOMPSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3428–3431.

District of Columbia Court of Appeals.

Argued March 2, 1964.

Decided March 20, 1964.

Herbert O. Reid, Washington, D. C., for appellants.

Robert D. Devlin, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee United States.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee District of Columbia.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

PER CURIAM.

The two appellants have brought here for review their convictions of soliciting for lewd and immoral purposes, Code 1961, § 22–2701, and vagrancy, Code 1961, § 22–3302.

■ The first question is whether the evidence was sufficient to support the soliciting charge. At the trial, which was without a jury, the testimony of two police officers was to the effect that in the middle of the night appellant Willis motioned to them to stop their automobile and proposed certain indecent acts; that they followed him to an apartment across the street, where Willis called appellant Thompson from another room; that both appellants made overtures of an explicitly homosexual nature to the two officers, and were placed under arrest. Appellants' denials were limited in scope and for the most part attempted to show that the soliciting had been done by the officers. We cannot say that the

trial judge erred in resolving the factual issue against appellants.

█ The same is to be said as to the claim of entrapment. Even on appellants' own testimony there is no basis for holding as a matter of law that the offenses were the "product of the creative activity" of the police officers. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (1962).

█ Appellants have presented a separate argument to the effect that the charge of vagrancy was not proven. But since the sentences on this charge were ordered to run concurrently with those on the soliciting charge, there is no occasion to review the vagrancy convictions. Fisher v. United States, D.C.Mun.App., 183 A.2d 553 (1962); Miller v. United States, D.C.Mun.App., 161 A.2d 468 (1960); Craddock v. United States, D.C.Mun.App., 153 A.2d 649 (1959).

Finding no error, we order that the judgments of conviction be

Affirmed.