**Eddie HAYNES, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 3534.

District of Columbia Court of Appeals.

Submitted Sept. 28, 1964.

Decided Nov. 2, 1964.

Thurman L. Dodson and H. Carl Moultrie, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair and David P. Sutton, Asst. Corp. Counsel, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from a conviction for indecent exposure in violation of Code 1961, § 22–1112(a). Appellant contends that the testimony of the complaining witness was not corroborated, that the trial court gave improper weight to the testimony of the character witnesses who appeared in his behalf, and that his guilt was not proven beyond a reasonable doubt.[1]

On the night of October 26, 1963, Elizabeth Epstein, the complaining witness, and her friend, Ellen Schwartz, went to the movies. They returned to their college dormitory about midnight and since it was a pleasant evening, they decided to take a walk. As they neared Nineteenth and E Streets, N.W., a turquoise and white automobile approached and pulled over to the side of the street. The operator, later identified by Miss Epstein as appellant, leaned from the window as if to ask a question. Miss Epstein responded by walking toward the car, and appellant asked for directions to the Capitol. She answered to the best of her ability, and when appellant asked for more explicit directions, she noticed that he made a motion of some kind. She looked down and then observed that he was masturbating. When he asked, "Do you know where I can do anything with this?" she said, "No," and immediately returned to the sidewalk. Her friend, who had heard the loud disclaimer, asked what had occurred. Nervous and upset Miss Epstein responded, "Well, the man in there was masturbating." Both girls decided to return to their dormitory as quickly as possible. As they started back, the automobile, which had left the scene, reappeared, coming slowly from another direction. Miss Epstein hid her face in her companion's shoulder but Miss Schwartz was able to note the vehicle's license tag number. Returning to the dormitory, the girls promptly reported the incident to the police.[2]

At the trial, appellant, a serviceman, testified in his own behalf. He denied being present at the time of the incident in question and stated that to the best of his knowledge and belief, he was at the Army post where he was stationed. He based this belief upon the fact that the register which servicemen are required to sign before leaving the post did not include his name for either October 25 or 26. He admitted, however, owning a blue and white 1955 Ford automobile and that the license tag number was the same as the one noted by Miss Schwartz. Five witnesses testified as to his reputation for peace, good order, and morality.

 Relying upon Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), appellant contends the testimony of the complaining witness was not corroborated. While the Kelly case is not strictly

---

1. When the case was called for oral argument, appellant's counsel did not appear. Several of appellant's contentions are similar to those he raised in Haynes v. District of Columbia, D.C.App., 202 A. 2d 919 (1964).

2. From the description of the vehicle given by the girls, the police identified it as a 1956 Ford automobile.

applicable to the factual situation presented here, see Haynes v. District of Columbia, supra, n. 1, we hold there was sufficient corroborative evidence to sustain the conviction. In Kelly the court said:

"* * * we counsel that the trial courts require corroboration of the circumstances surrounding the parties at the time, such as presence at the alleged time and place and similar provable circumstances." 90 U.S.App.D.C. at 129–130, 194 F.2d at 155.

Here the testimony of Ellen Schwartz, the identification of appellant, and the description of the automobile amply satisfy this requirement. The spontaneous exclamation, "Well the man in there was masturbating," was admissible as part of the res gestae and satisfied the government's burden of proving the corpus delecti. Konvalinka v. United States, D.C.Mun.App., 162 A.2d 778 (1960), affirmed, 109 U.S.App. D.C. 307, 287 F.2d 346 (1961). While "* * * evidence of good character, is particularly applicable to this class of cases," Kelly v. United States, supra, 90 U.S.App.D.C. at 129, 194 F.2d at 155, it is not binding on the trier of facts, Haynes v. District of Columbia, supra, n. 1. The trial judge here had no reasonable doubt as to the guilt of the accused. There being substantial evidence to support the conviction, the judgment is

Affirmed.