**Callie NASSIF, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3849.**

District of Columbia Court of Appeals.

Argued March 28, 1966.

Decided May 12, 1966.

---

Rex K. Nelson, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from a conviction for indecent exposure under Code 1961, § 22-1112. Appellant argues that the government failed to establish the corpus delicti in that there was no corroboration of the arresting officer's testimony, and that the evidence was insufficient to sustain the judgment.

Appellant was initially tried and convicted in 1963, but on appeal we reversed with instructions to grant a new trial because of a procedural error below.[1] At both the first trial and the one presently before us, the only witness for the prosecution was the arresting officer. Appellant argues that the rule enunciated in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), requires reversal here for lack of corroboration.

 In the past, we have refused to extend the Kelly doctrine to cases involving soliciting for prostitution,[2] committing a lewd, obscene or indecent act,[3] and indecent exposure.[4] This is in accord with the pronouncement of the United States Court of Appeals, that the rule in Kelly was based on "the peculiar nature of a charge involving homosexual conduct. * * *"[5] Thus limited, the Kelly doctrine is factually inapplicable to the case at bar.

Appellant next contends that the arresting officer's testimony at the second trial varied materially from that at the first, and that the evidence was therefore insufficient to support the judgment of conviction. After reviewing the record, we are of the opinion that the variations involved were of a kind likely to occur when trials are separated by a span of two years, that they were not material, and that the trial judge could, without reasonable doubt, rule as he did. We find no reversible error in his decision.

Affirmed.

1. Nassif v. District of Columbia, D.C.App., 201 A.2d 519 (1964).

2. Price v. United States, D.C.Mun.App., 135 A.2d 854 (1957).

3. McGhee v. District of Columbia, D.C. Mun.App., 137 A.2d 721 (1958).

4. Haynes v. District of Columbia, D.C. App., 204 A.2d 574 (1964).

5. Guarro v. United States, 99 U.S.App. D.C. 97, 98, 237 F.2d 578, 579 (1956).