**Hilda Marie WAJER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 3920.**

District of Columbia Court of Appeals.

Argued July 25, 1966.

Decided Aug. 19, 1966.

Rehearing Denied Sept. 7, 1966.

Josiah Lyman, Washington, D. C., for appellant.

Robert Kenly Webster, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge.

Appellant was convicted of the charge of soliciting for purposes of prostitution in violation of D.C.Code, 1961, § 22–2701, and given a sentence of thirty days. She appeals. *Inter alia,* she contends that it was error not to have acquitted her at the conclusion of all testimony as a matter of law and that the trial court should have found she was entrapped by the arresting officer.

The officer testified at trial that he saw appellant about 8:35 p. m. near a downtown grill; that he spoke to her first and, after the exchange of a few remarks, she entered the restaurant; that he then went inside where he took a seat at the bar; that appellant approached him and he offered to buy her a soft drink. Upon receiving it, they both seated themselves in a booth. In reply to her inquiry if he was "interested in a friend," he stated he was, and she informed him that the cost would be $18, including $3 for a room, which was nearby in a friend's apartment. The price she said would cover the cost of anything he wanted. The officer and appellant left the grill together and walked one block to Sixth and H Streets, where they entered a basement apartment. When appellant started to undress, the officer identified himself and placed her under arrest.

Appellant testified to substantially the same facts, except that she claims that the officer initiated the conversation at the bar and that, after moving to the booth, he solicited her and convinced her to leave the grill and go to her friend's apartment. She denied starting to undress. She admitted

she had not worked the previous week and also that she had been convicted of two narcotic violations.

Appellant argues that, in a case of this nature, a conviction should not be allowed to stand when based upon uncorroborated testimony. She cites no statute or decision in support of this contention, as applicable to the offense of soliciting for the purpose of prostitution, but urges that we should apply the rule enunciated in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), which involves an invitation to commit an act of sodomy. We do not agree. In Price v. United States, D.C. Mun.App., 135 A.2d 854 (1957), we re-enunciated the principle of Guarro v. United States, 99 U.S.App.D.C. 97, 237 F.2d 578 (1956), which, in interpreting the Kelly case, ruled that Kelly was confined to "the peculiar nature of a charge involving homosexual conduct, and the difficulties that face a person accused of such conduct" and did not "purport to be based on any express or implied requirements of Section 22–2701, and indeed did not deal with all the crimes comprehended within that section." We have had occasion in the past to apply the rule of corroboration in homosexual offenses[1] but have refused to extend that requirement to the offense of soliciting for prostitution.[2] In the present case there is no element of homosexuality and we reject appellant's invitation to extend the rule of the Kelly decision.

Furthermore, we do not understand that corroboration, within the ambit of Kelly, must be by a witness; rather we understand it may be supplied by "circumstances surrounding the parties at the time, such as presence at the alleged time and place and similar provable circumstances." Kelly v. United States, 90 U.S.App.D.C. at page 130,

194 F.2d at page 155. Neither do we understand the Kelly decision to hold that if the prosecutor presents only a single witness and his testimony is challenged by the accused, then an acquittal must follow even if there be confirmation of the circumstances surrounding the parties at the time of the alleged offense.

Here appellant's own testimony paralleled that of the arresting officer as to time, place and other circumstances of their meeting and subsequently going to her friend's apartment. Their testimony diverges on the point of whether appellant or the officer made the solicitation. This issue was for the determination of the trial court. Upon conflicting testimony the court accepted that of the officer as the more credible. On the record we find that it was fully justified in finding that appellant was the one who did the soliciting.

At trial appellant based her defense on the assertion that she did not commit the solicitation as charged. On appeal she argues for the first time that she was in fact entrapped by the arresting officer, although such defense was not preserved for consideration on appeal and does not appear in the Settled Statement of Proceedings and Evidence, which is binding upon us. Although not persuaded that the defense of entrapment is available in a case of soliciting prostitution, we have examined the record in the light of this contention and find no facts to support appellant's position that her criminal conduct was induced by or was the result of a criminal design originating with the police officer. Considering all the evidence, we find it, as a matter of law, devoid of proof of entrapment. Even on appellant's own testimony, there is no basis for holding that the offense was the product of the creative activity of the arresting

1. Berneau v. United States, D.C.App., 188 A.2d 301 (1963); Alexander v. United States, D.C.App., 187 A.2d 901 (1963); Goodsaid v. District of Columbia, D.C. App., 187 A.2d 486 (1963); King v. United States, D.C.Mun.App., 90 A.2d 229 (1952); Bicksler v. United States, D.C. Mun.App., 90 A.2d 233 (1952).

2. Parker v. United States, D.C.Mun.App., 143 A.2d 98, 99 (1958); Price v. United States, D.C.Mun.App., 135 A.2d 854 (1957).

officer at the time. Willis v. United States, D.C.App., 198 A.2d 751, 752 (1964). The most that can be said is that the officer merely afforded her an opportunity to carry out her own willingness to commit the offense. Cratty v. United States, 82 U.S. App.D.C. 236, 163 F.2d 844 (1947).

Other alleged errors have been considered and are found to be without substance.

Affirmed.