**Janet GARRETT, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 7838.

District of Columbia Court of Appeals.

Argued Aug. 20, 1974.

Decided June 10, 1975.

Robert E. McMillen, Washington, D. C., appointed by this court, for appellant.

Michael G. Scheininger, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty. and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Hamilton Fox, Asst. U. S. Atty., also entered an appearance for appellee.

Before KERN, NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM:

This appeal is from a nonjury trial conviction of soliciting for prostitution under D.C. Code 1973, § 22–2701. Appellant's motion for judgment of acquittal at the close of the evidence was denied. On this appeal she contends:

(1) That "prostitution" under D.C. Code 1973, § 22–2701 should be construed as at common law to mean "indiscriminate" intercourse; that under this definition the government's case failed to prove beyond a reasonable doubt that the appellant solicited the arresting officer "for the purpose of prostitution" because it merely proved a single solicitation without further proof from the surrounding circumstances that she was indiscriminate.

(2) That a conviction for solicitation for prostitution under this section should not be based solely on the testimony of the arresting officer without the corroboration required for a conviction for the solicita-

tion of homosexual acts in Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952).

(3) That the statute violates appellant's constitutional rights to privacy, freedom of speech and equal protection of the laws.

We do not agree that the government failed to prove beyond a reasonable doubt that the solicitation in this case was for the purpose of prostitution. Appellant's solicitation was clear and specific, made to a complete stranger on a public street, and in such a manner as to leave no doubt that she was a working prostitute engaged in a commercial transaction. Her statement, "You look like a police. Do you have any identification?" revealed her sophistication. Her inquiry as to how much money he had, her lucid description of the services she offered in the vernacular of the street, and her ready knowledge of an available room in a nearby tourist home revealed ample professionalism. Hall v. United States, D.C.Mun.App., 34 A.2d 631, 632 (1943).

As to appellant's able argument that we should apply the corroboration requirement of Kelly v. United States, *supra*, to cases involving the heterosexual acts prohibited by § 22–2701, we note that the Circuit Court itself explicitly confined its corroboration requirement in *Kelly* to charges involving homosexual conduct and did not purport to base its decision on any express or implied requirements of § 22–2701. Guarro v. United States, 99 U.S. App.D.C. 97, 98, 237 F.2d 578, 579 (1956). This court has similarly held on several occasions that corroboration is not required for convictions of solicitation for prostitution under that section of the Code. Wajer v. United States, D.C.App., 222 A.2d 68, 69 (1966); Parker v. United States, D.C.Mun.App., 143 A.2d 98, 99 (1958); Price v. United States, D.C.Mun.App., 135 A.2d 854, 855–56 (1957).

Appellant also argues that to require corroboration in homosexuality cases but not in solicitation for prostitution cases constitutes unconstitutional sex discrimination in violation of appellant's Fifth Amendment right to due process. This argument is unconvincing because the question of whether corroboration will be required is determined by the homosexual or heterosexual nature of the illegal acts rather than by the gender of the participants. *See Wajer v. United States, supra at* **69;** *Price v. United States, supra* at 855–56. Appellant has not established that either the case law or the government's policy on corroboration is based on a distinction between the sex of defendants.

As to appellant's constitutional attack on § 22–2701, all of her contentions in this regard were recently rejected by this court in United States v. Moses, D.C.App., 339 A.2d 46 (1975).

The defense produced no witnesses and there was ample evidence upon which the court could find guilt beyond a reasonable doubt. There being no reversible error, the judgment of the trial court is

Affirmed.