**Paul DUKE, et al., Appellants,**

v.

**The AMERICAN UNIVERSITY, Appellee.**

No. 95–CV–262.

District of Columbia Court of Appeals.

Argued Jan. 11, 1996.
Decided Feb. 6, 1996.*

* The decision in this case was originally issued as a Memorandum, Opinion and Judgment on February 6, 1996, and is being published upon the order of the court.

James A. Barker, Jr., Washington, DC, with whom Allen V. Farber and Robert R. Elliott, were on the brief, for appellants.

Shannon J. Briglia, with whom Jeffrey G. Gilmore and Brian P. Waagner, Vienna, VA, were on the brief, for appellee.

Before SCHWELB and RUIZ, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

Appellants, individuals who live in the vicinity of the American University campus, claim to be aggrieved by the university's alleged breach of an agreement concerning the location of the university's law school entered into on July 11, 1989, by the university and certain neighborhood organizations. They challenge the trial court's order granting the university summary judgment on their complaint alleging anticipatory breach of the agreement of July 11, 1989, and seeking declaratory and injunctive relief against the university. We affirm, substantially for the reasons set forth in Judge Duncan–Peters' written order of March 9, 1995.

In *Spring Valley Wesley Heights Citizen's Ass'n v. District of Columbia Bd. of Zoning Adjustment*, 644 A.2d 434, 435 (D.C.1994), we held that because a college or university can locate in a commercially-zoned area as a matter of right, the District of Columbia Board of Zoning Adjustment ("BZA") has no jurisdiction to prohibit American University's use as a law school of the building located off campus at 4801 Massachusetts Ave., N.W.

■ The principal issue on this appeal is one we expressly did not reach in *Spring Valley, supra*, 644 A.2d at 435, 437, *i.e.*, whether the university, by negotiating and executing the July 11, 1989, agreement with certain neighborhood organizations, bar-

gained away its right to place its law school off campus at 4801 Massachusetts Avenue, N.W. We are satisfied that the trial court was correct in ruling that appellants raised no genuine issue of material fact in this regard.

■ The District of Columbia zoning regulations do not allow the location of colleges and universities in residentially-zoned areas as a matter of right. *Glenbrook Road Ass'n v. District of Columbia Bd. of Zoning*, 605 A.2d 22, 26 (D.C.1992). Because the university's campus, located at 4400 Massachusetts Avenue, N.W. and 4300 Nebraska Avenue, N.W., is in a residentially-zoned neighborhood, it is required to receive special exceptions from the BZA before it can modify or update its Campus Plan and enter into new campus development. The agreement at issue was the result of negotiations between the parties so that the neighborhood groups would support the university's request to the BZA for a special exception. This requirement, however, does not apply to its use of the building at 4801 Massachusetts Avenue because it is located in a commercially-zoned neighborhood. *See Spring Valley, supra.* In *Glenbrook Road, supra*, this court denied a challenge by two neighborhood groups to the BZA's order approving the university's Campus Plan, including the plan's provision for a new site on campus for its law school, and granting the university the necessary special exceptions from the zoning regulations.

In the context of the 1989 negotiations and agreement, the surrender by the university of its right to locate its law school on commercial property would have been a matter of great importance. Yet the agreement does not mention it. We agree with the trial court that the 1989 contract did not include such a provision by implication. Although extrinsic evidence established that the issue of an off-campus location for the law school was from time to time a topic of discussion, it was not the subject of any negotiations or bargaining. If a surrender of this right was intended as part of the 1989 contract, the only reasonable course would have been to address it in the express terms of the agreement rather than to leave it to implication.

This is especially so in light of the specificity and detail of the fully integrated 1989 contract. *Cf. Hercules & Co. v. Shama Restaurant Corp.*, 613 A.2d 916, 929 (D.C.1992) (in absence of fraud, allegedly important representations during negotiations regarding financial resources of contracting party excluded as immaterial to decision on merits if not included in fully integrated contract).

▉ The various neighborhood associations indicated on a number of occasions during discussions that they preferred a downtown or other off-campus location for the law school. In response, the university indicated at that time that an off-campus location was not a feasible alternative and would not be considered. There is no evidence that this response was not true when made. We agree with the trial court that in making those statements the university did not promise that it would not locate its law school off campus. Rather, it removed the topic from the table.

▉ Appellants also argue before us that promissory estoppel or, alternatively, equitable estoppel, bars the university from moving its law school to 4801 Massachusetts Ave. As these issues were not raised before the trial court, it is not appropriate to consider their merits here. *Mayle v. District of Columbia*, 168 A.2d 398, 398 (D.C.Mun.App. 1961); *Ford v. District of Columbia*, 102 A.2d 838, 839 (D.C.Mun.App.1954) *aff'd* 95 U.S.App.D.C. 87, 219 F.2d 769 *cert. denied* 349 U.S. 964, 75 S.Ct. 897, 99 L.Ed. 1286 (1955).[1]

Finally, we agree with the trial court that appellants have not demonstrated that the university's action in moving its law school to the 4801 Massachusetts Ave. location violated

any implied covenant of good faith and fair dealing. *See Hais v. Smith*, 547 A.2d 986, 987 (D.C.1988) (implied duty of good faith and fair dealing prevents contracting party from evading spirit of contract, willfully rendering imperfect performance or interfering with other party's performance).

The judgment on appeal herein is affirmed.

*So ordered.*

---

1. If we were to reach those issues, appellants would not prevail. A finding of promissory estoppel requires evidence of a promise that reasonably induced reliance and was in fact relied upon to the detriment of the promisee. *Simard v. Resolution Trust Corp.*, 639 A.2d 540, 552 (D.C.1994). Appellee's statements were not promises, but declinations or refusals to negotiate the issue.

Equitable estoppel may be invoked only where there is a showing of conduct amounting to a false representation or concealment of a material fact which was made with knowledge of the actual facts and of the intent to induce the other party to act. *Nolan v. Nolan*, 568 A.2d 479, 484 (D.C.1990); *Cassidy v. Owen*, 533 A.2d 253, 255 (D.C.1987). It was uncontested in the trial court that the university's statements regarding its preference to locate its law school on campus at the Cassell Site were neither false nor intentionally misleading.