**UNITED STATES of America,**
Appellee.

No. 13562.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 24, 1957.

Decided Oct. 31, 1957.

**John H. COLEMAN, Appellant,**

v.

**Wiley W. GODSEY, Acting Chairman, Board of Revocation and Review of Hackers' Identification Licenses, and Robert E. McLaughlin, et al., Board of District of Columbia Commissioners, Appellees.**

No. 13746.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 26, 1957.

Decided Oct. 31, 1957.

Mr. A. Slater Clarke, Washington, D. C., for appellant.

Mr. James Shenos, Washington, D. C., for appellant.

Mr. Lyman J. Umstead, Asst. Corp. Counsel, of the Dist. of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellees.

Before EDGERTON, Chief Judge, and PRETTYMAN and BURGER, Circuit Judges.

PER CURIAM.

Appellant was for many years a duly licensed taxicab driver with a good record. On August 2, 1956, a woman he had never seen was a passenger in his cab. She afterwards charged in writing that he made indecent and abnormal proposals to her, in disgusting language which she purported to remember and reproduce at length and in detail.

The Board of Revocation and Review of Hackers' Identification Licenses held a hearing, at which appellant and the passenger testified, on a charge that he solicited her for immoral purposes and used vulgar and profane language. Her story was completely uncorroborated. Appellant's denial of her story was corroborated by the fact that nothing of the sort had ever been charged against him during some 30 years as a taxicab driver, by letters from friends and neighbors saying his character and reputation were good, by his wife's testimony that he was normal, by the fact that he was a father, and by the fact that the passenger made no outcry, did not look for a policeman, and did not attempt to leave the cab during the journey of several miles to her original destination, although she could have left the cab at a stop sign and, also, when it stopped at the entrance to hospital grounds where a guard was stationed. We think it follows that the Board's action in revoking appellant's license is not supported by substantial evidence on the record as a whole. Therefore its action must be set aside.

But we hesitate to direct an unqualified judgment for appellant on this record; such judgment would require restoration forthwith to him of his license to drive a taxicab and the matter would be res judicata. The public interest is involved.

Taxicab travel frequently involves a passenger being alone with the driver, at unfrequented stretches of streets or roads and at hours of evening or night. So a license to operate a taxicab requires qualifications of character, sobriety and normal behavior. A difficult problem is posed. If appellant was telling the truth he ought not to lose his license. His testimony was so corroborated that he ought not to lose his license on the testimony of one witness without corroboration of some kind. On the other hand, if the complainant was telling the truth appellant ought not to be driving a taxicab. Our review of this record indicates that other lines of examination, inquiry and evidence might more definitely resolve the issue. Such lines may occur to District officials. Therefore, we set aside the judgment of the District Court and remand the case with directions to enter judgment for the plaintiff, but without prejudice to the rights of the Commissioners and the Board to reopen the record for the receipt of further evidence and the rendition of a decision upon all the evidence then in the record.

Remanded.