Calvin L. RITTENOUR, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2583.

Municipal Court of Appeals for the District of Columbia.

Argued June 27, 1960.

Decided Aug. 19, 1960.

Jacob A. Stein, Washington, D. C., for appellant. Walter W. Johnson, Jr., Washington, D. C., also entered an appearance for appellant.

H. Thomas Sisk, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation

Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a conviction on a charge of committing a "lewd, obscene, or indecent act in the District of Columbia." [1] The conviction was based on the testimony of two police officers, members of the Morals Division (appellant neither testified nor offered any evidence on his behalf), which was substantially the following:

As the result of a complaint received from the Probation Department of the Municipal Court, Officer Arscott made a telephone call to appellant at his home. The officer represented to appellant that he was "down and out," did not have "much money" and asked if he could stay at appellant's "place" until he "could catch a bus out of town." Appellant replied that it would be all right. Officers Arscott and Fochett then went to appellant's home, arriving there about 9:30 o'clock in the evening. Fochett remained outside and Arscott went to the door and was admitted by appellant.

Inside the home Arscott told appellant he had just gotten out of the Navy, that he was from New York and was down and out. Appellant asked Arscott who had told him of appellant's "place of business" and Arscott said he had learned of it from some one he met at the bus station. After a few minutes Arscott asked for a drink of water and was told to follow appellant into the kitchen. There appellant gave him a glass of water and then placed his hand on Ar-

scott's privates and made a comment concerning them. Arscott backed away and asked what he meant. Twice again appellant touched Arscott's privates and to Arscott's inquiry as to what he had on his mind, appellant made a reply indicating an intention to have homosexual relations with him. Arscott then arrested appellant and called Fochett who joined them in the house. Appellant then admitted to the officers that he was a homosexual and had had sexual relations with some of the men who came to his home.

We think the government did not prove the commission of a "lewd, obscene, or indecent act" within the meaning of Code 1951, § 22–1112(a), Supp. VIII. The common-law conception of a lewd, obscene, or indecent act apparently comprehended only behavior that was open or public; an act done privately in the presence of only one other person who solicited or consented to the act did not fall within conduct enjoined by the common law. See 33 Am. Jur., Lewdness, Indecency and Obscenity § 7. Our former statute [2] clearly reflected the common-law attitude in its prohibition of indecent exposure in public or in a place from which the act could be seen. In adding two other crimes of a similar nature to indecent exposure in the present law, Congress deleted the requirement that they be committed in public and, in fact, expressly indicated that the statute covered acts "occurring anywhere in the District." [3]

Although an open or public act in the common-law sense is no longer required, it is our opinion that the present law was not designed or intended to apply to an act committed in privacy in the presence of a single and consenting person.

1. "It shall not be lawful for any person or persons to make any obscene or indecent exposure of his or her person, or to make any lewd, obscene, or indecent sexual proposal, or to commit any other lewd, obscene, or indecent act in the District of Columbia, under penalty of not more than $300 fine, or imprisonment of not more than ninety days, or

both, for each and every such offense." Code 1951, § 22–1112(a), Supp. VIII.

2. Act of June 9, 1948, 62 Stat. 346, ch. 428, title I, § 101, Code 1951, § 22–1112 (a).

3. H.R.Rept. No. 514, 83d Cong., 1st Sess., p. 4.

And we think it is obvious that the officer by his acts and misrepresentations led appellant to believe he would consent, or at least not object, to his homosexual advances. See Guarro v. United States, 99 U.S.App.D.C. 97, 101, 237 F.2d 578, 582, where, although the charge was assault, the acts were essentially the same as here except they were committed in public, and the court said: "In a case like the present, to let the suspect think there is consent in order to encourage an act which furnishes an excuse for an arrest will defeat a prosecution for assault."

Moreover, and perhaps more important, it is very plain from the officer's own admissions that he made the phone call and went to the house to "investigate" a suspected homosexual. In order to confirm this suspicion the officer trapped the suspect into making a homosexual proposal and then arrested him. Basically and essentially appellant was arrested, tried and convicted on a charge of being a homosexual; but under our law homosexuality is not a crime.

Reversed with instructions to enter a judgment of acquittal.