Alan GOODSAID, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 3064.

District of Columbia Court of Appeals.

Argued Nov. 5, 1962.

Decided Jan. 18, 1963.

Rehearing Denied Feb. 19, 1963.

William J. Garber, Washington, D. C., for appellant. William A. Bachrach, Washington, D. C., also entered an appearance for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was found guilty under Code 1961, 22–1112(a), of making an indecent sexual proposal. He contends here that there was lacking the corroboration necessary to sustain a conviction for this type of offense.

The testimony of the complaining witness was that she hailed appellant's taxicab in the downtown area and directed him to go to Walter Reed Hospital and that during the trip he engaged her in a conversation and made the indecent proposals complained of. According to appellant's manifest, admitted in evidence, the duration of the trip was fifteen minutes. When the cab reached the hospital, complainant paid her fare, alighted, and ran. She remembered only the color of the cab, having noticed neither the cab number nor the name of the driver. People were standing near the entrance to the hospital but she made no complaint or outcry. Fifteen days later she lodged a complaint with the Hack Inspector's Office

of the Metropolitan Police Department.[1] She examined photographs of cab drivers in the office on that day but without success. Two days later she returned, pursuant to a summons, and, after examining additional photographs, identified appellant's picture.

Appellant was summoned to the Hack Inspector's Office and, in the presence of the complainant and two police officers, admitted he had transported the complainant on the day in question and that he had had a conversation with her. He stated that if he had said anything to offend her, he apologized for it. When he was told that a serious complaint had been made against him, he covered his face with his hands and said, "My God!" One officer testified that appellant later denied making indecent remarks to complainant, but the other could not recall such a denial.

Appellant testified that he remembered complainant as a passenger in his cab on a trip to Walter Reed Hospital and he recalled having a conversation with her, but he denied making any indecent proposals. He testified that when she alighted from the cab he told her "she was one of the most gracious ladies who had graced his cab." He also testified that he had denied the charges at the Hack Inspector's Office. Appellant's wife and two character witnesses testified on his behalf.

■ The necessity for corroboration in sex offenses was suggested in Kidwell v. United States, 38 App.D.C. 566, and is now well settled in this jurisdiction. See, e. g., Wilson v. United States, 106 U.S.App. D.C. 226, 271 F.2d 492; Walker v. United States, 96 U.S.App.D.C. 148, 223 F.2d 613, and cases therein cited; Howard v. District of Columbia, D.C.Mun.App., 132 A.2d 150. The necessity for corroboration is indeed greater where the offense is purely verbal, and the proof disappears as soon as the words are spoken, than in cases of sexual

assault where actual physical evidence may remain. See Kelly v. United States, 90 U.S. App.D.C. 125, 194 F.2d 150. However, since such words would not knowingly be spoken within earshot of a third person, the government is not required to produce a witness who actually heard the words spoken. To require that kind of corroboration would be to shield a defendant with a "wall of immunity." Ewing v. United States, 77 U.S.App.D.C. 14, 17, 135 F.2d 633, 636, cert. denied 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145. The corroboration may consist of "circumstantial evidence which supports the prosecutrix' story." Walker v. United States, 96 U.S.App.D.C. 148, 152, 223 F.2d 613, 617. See also, Konvalinka v. United States, 109 U.S.App.D.C. 307, 287 F.2d 346, affirming Konvalinka v. United States, D.C.Mun.App., 162 A.2d 778.

In extending the corroboration requirement to "verbal" sexual offenses, the court in Kelly v. United States, 90 U.S.App.D.C. 125, 129, 130, 194 F.2d 150, 154, 155, ruled there should be in such cases "corroboration of the circumstances surrounding the parties at the time, such as presence at the alleged time and place and similar provable circumstances." See also, Coleman v. Godsey, 102 U.S.App.D.C. 7, 249 F.2d 522; Guarro v. United States, 99 U.S.App.D.C. 97, 237 F.2d 578.

Corroboration of the presence of the parties at the time and place are not needed here because appellant admitted that complainant was a passenger in his cab at the time in question. In other words, neither identity nor presence of appellant was in question. Proof that appellant carried the complainant as a passenger in his cab established only that he had an opportunity to make the remarks and was not circumstantial evidence that he did make them. Our question is whether there was proof of other circumstances in support of complainant's story. We think there was.

---

[1] The complainant testified that she delayed making the complaint because she was frightened and ashamed to repeat appellant's words. She was encouraged to report the incident by her husband and by somewhat similar incidents involving two female acquaintances.

■ Complainant was not a plain-clothes officer on the lookout to "make a case." She had no discernible motive for falsely accusing appellant. Her reluctance to make the complaint, and her reluctance to return to the Hack Inspector's Office for the further viewing of photographs, negatived any personal desire on her part to bring about the prosecution. Although the evidence on whether appellant made an outright denial of the charges at the Hack Inspector's Office is equivocal, there is much to suggest a consciousness of guilt in appellant's offer to apologize for what he might have said, and in his failure to make an immediate denial of the charges. Finally, the fact that after a period of over two weeks appellant recognized complainant as a former passenger, recalled engaging in conversation with her, and remembered his remark to her as she left the cab, indicates that something more than ordinary occurred on the trip.

In view of the circumstances above recited, the trial court, after observing both complainant and appellant under direct and cross-examination, was entitled to find appellant guilty of the charge.

Affirmed.