**Nathan H. ALEXANDER, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 3147.**

District of Columbia Court of Appeals.

Argued Jan. 28, 1963.

Decided Feb. 8, 1963.

Melvin M. Burton, Jr., Washington, D. C., for appellant.

Barry I. Fredericks, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and John E. Hogan, Asst. U. S. Attys., were on the brief for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a conviction in the Criminal Branch for soliciting for a lewd and immoral purpose. Code 1961, § 22–2701. Appellant claims a number of errors, but primarily he contends there was insufficient corroboration as to the time, place and circumstances of the alleged solicitation.

The record reveals that the arresting officer, a member of the vice squad, while walking about 2:15 a. m. on the sidewalk in a residential block, was hailed from the window of an adjoining house and asked by the appellant if he had any money which he wanted to spend. Upon receiving an affirmative reply, appellant asked if he wanted to go to bed or have oral sodomy. The officer replied he wanted the latter and was invited into the house. Appellant was dressed at the time in white Bermuda shorts, a blouse, and a pair of sandals. On his head he wore a long female wig. The officer told appellant he wanted to get a friend who also had some money to spend. He left the house and related the incident to officer Wanamaker who gave him marked money to use in payment. The officer re-

1. District of Columbia Court of General Sessions, Rule 54(f).

turned to the house, but appellant was not there. Officer Wanamaker arrived a few minutes later with more officers and arrested some other persons on the premises. Shortly thereafter appellant returned (dressed as before, except that he had added "falsies" to his attire) with another man who told officers, in the presence of appellant, that appellant had picked him up on the street "for the purpose of sex."

Appellant contends that under Sec. 22–2701 prosecution of a male defendant for solicitation of another male requires corroboration as to time, place and circumstances because the nature of the offense could only involve sodomy. He relies on Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150, and Guarro v. United States, 99 U.S.App.D.C. 97, 237 F.2d 578. In the Kelly case an officer testified that defendant had orally invited him, while in a park, to commit a perverted act. The defendant denied any such invitation. The Court of Appeals reversed and cautioned trial courts that: (1) the testimony of a single witness to a verbal invitation to sodomy should be received and considered with great caution; (2) evidence of good character is particularly applicable to this class of case because it is less than likely that a man who would invite a stranger in a public park to participate in a perverted sex act could present credible witnesses of his good character; and (3) the trial court should require corroboration—such as presence at the alleged time and place and similar provable circumstances.

In the Guarro case the Court of Appeals applied these rules to a prosecution for a homosexual assault under Sec. 22–504, Code 1951.

In the light of these rules we are satisfied that the charge against appellant was corroborated as to time, place and provable circumstances. Absent were any character witnesses to support appellant's good reputation. The trial judge had before him evidence of unexplained female attire and garb of appellant, including feminine wig and falsies, and the return of appellant to the same house with another man for a "sex purpose." All these and other circumstances, uncontradicted, sustain the trial court's findings that the arresting officer was in fact solicited at the time and place for the purpose of sodomy.

We have considered the other errors alleged by appellant and find no prejudicial error requiring reversal.

Affirmed.