Howard H. BERNEAU, Appellant,

v.

UNITED STATES, Appellee.

No. 3140.

District of Columbia Court of Appeals.

Submitted Jan. 28, 1963.

Decided Feb. 21, 1963.

Josiah Lyman, Washington, D. C., for appellant.

Maurice A. Guervitz, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

Jean F. Dwyer, Washingon, D. C., for appellant.

David C. Acheson, U. S. Atty., and Frank Q. Nebeker, John E. Hogan, and Robert D. Devlin, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

We are again asked to pass upon the sufficiency of the evidence introduced to sustain a conviction of soliciting for lewd and immoral purposes.[1] Appellant urges that the evidence introduced by the government to corroborate the testimony of the arresting officer was insufficient under the Kelly case,[2] and that the trial court erred in not granting his motion for judgment of acquittal.

The evidence may be summarized as follows: A police officer assigned to the Morals Division testified that while driving in an automobile he noticed appellant, dressed in female attire, motioning him to the curb. The officer circled the block, and pulled over to the curb. Appellant approached the car and said, "Do you have anything on your mind?" The officer responded, "Anything is about it," and appellant asked him how much he was spending. The officer said he did not have much money, and appellant invited him to make an offer. When the officer stated he had approximately twelve dollars, appellant agreed to perform an act of perversion. He told the officer to park his car and come with him. At that point the officer stepped out of the vehicle and placed appellant under arrest.

Another officer testified that he saw appellant approach the first officer's car, that a conversation took place which he did not hear, and that the first officer got out of the car and placed his hand on appellant. The second officer also testified as to the female attire of appellant. No testimony was offered by or on behalf of appellant.

We have recently had two occasions to consider the requirements suggested in the Kelly case, and in both instances[3] we held that the requirements were complied with. In this case the government's testimony as to the time and place of the events was uncontradicted. There was corroborating testimony from an officer that he saw appellant conversing with the arresting officer, and that he saw the latter place his hand on appellant. Appellant did not introduce any evidence of his good character, and there was no denial that he was dressed in female attire. We hold that under all the circumstances the trial court was certainly justified in finding appellant guilty and that the motion for judgment of acquittal was properly denied.

Affirmed.

1.  Code 1961, § 22–2701.

2.  Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952).

3.  Goodsaid v. District of Columbia, D.C. App., 187 A.2d 486 and cases cited therein; Alexander v. District of Columbia, D. C.App., 187 A.2d 901.