**UNITED STATES, Appellant,**

v.

**Linwood CARSON (No. 6620).***

District of Columbia Court of Appeals.

Argued April 24, 1973.

Decided April 18, 1974.

1. *See* D.C.Code 1973, § 22–106 and United States v. Honesty, 148 U.S.App.D.C. 255, 257, 459 F.2d 1279, 1281 (1971).

* Consolidated with: U. S. v. Bill Robinson, 6621; U. S. v. Warren Butler, 6647; U. S. v. Jerome F. Thomas, 6682; U. S. v. Albert Fleming, 6705; U. S. v. Melvin Lee Banks, 6712; U. S. v. Donald Evans, 6771; U. S. v. Robert C. Baldwin, 6772; U. S. v. Raymond A. Enutan, 6800.

Richard L. Beizer, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Henry F. Schuelke, III, Asst. U. S. Attys., were on the motion for summary reversal (in lieu of brief), for appellant.

Robert Weinberg for appellee Fleming in No. 6705.

Robert Case Liotta, Washington, D.C. entered an appearance on behalf of appellee Carson.

Thomas W. Ullrich, Washington D.C., entered an appearance on behalf of appellee Robinson.

Irving M. Levine entered an appearance on behalf of appellee Shannon.

William T. Shannon, Washington D.C., entered an appearance on behalf of appellee Ward.

Leon W. Barber, Washington D.C., entered an appearance on behalf of appellee Evans.

No appearance was entered or pleading filed on behalf of appellees Butler, Thomas, Adair, Glenn, Banks, Baldwin, Thompson, or Enutan.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

These consolidated government appeals consist of fifteen cases wherein pretrial motions to dismiss the respective informations were granted for reasons of facial constitutional infirmities respecting the underlying statute. In each case the defendant-appellee was charged with soliciting for lewd and immoral purposes in violation of D.C.Code 1973, § 22–2701. The records do not reveal an evidentiary basis for the charges. Each order of dismissal, however, was based on an opinion written by the trial court judge wherein the statute was applied to a solicitation for an act of homosexual sodomy which was made in public by the accused of a stranger—a police officer who, upon being solicited, made the arrest. We will, as the parties and the trial court judge have done, treat these cases as based on similar evidentiary allegations. Such treatment is consistent with our holding in Riley v. United States, D.C.App., 298 A.2d 228 (1972), limiting application of this statute to such solicitations. We reverse and order reinstatement of the informations.

In United States v. Binns, 100 Wash.L. Rptr. 1381 (July 14, 1972) (Super.Ct.Cr.

No. 14119–70, May 31, 1972), the trial judge found § 22–2701 to be unconstitutional on three grounds.[1] First, he concluded that the statutory phrase "lewd and immoral" is unconstitutionally vague, primarily because "a citizen may not know in advance what conduct is prohibited and . . . impermissible discretion is vested in law enforcement officials . . . ." Second, it was concluded that the statute offends the First Amendment because it attempts to regulate speech rather than conduct. This particular regulation of speech was viewed as impermissible because it reaches beyond regulation of patently offensive or abusive speech or a threatened breach of the peace. Finally, the trial judge concluded that the section is unconstitutional because it violates an individual's right of privacy. Such a right was assumed available under the First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments.

Subsequent to the trial judge's dismissal of these cases, and his opinion in United States v. Binns, *supra*, this court considered and rejected the first two bases for dismissal in *Binns* and upheld the constitutionality of § 22–2701. *See* Riley v. United States, *supra*. Therefore, the only remaining issue on appeal is whether § 22–2701 unconstitutionally violates an individual's right of privacy.

In holding that this soliciting statute amounts to a violation of a right of privacy, the trial court used as its major premise "the fundamental principle that the Constitution protects the right of an individual to control *the use and function* of his or her body without unreasonable interference from the state." (Emphasis supplied.) The trial court's ruling thus appears to have been based on the assumption that an act of sodomy between consenting adults in privacy (*i. e.*, "use and function") may not constitutionally be proscribed. Irrespective of the validity of a criminal sanction against a private and consensual sodomitic act, the overbreadth doctrine may not properly be applied to the soliciting statute. The acts charged were public solicitations of strangers for sodomy. That any of the accused ultimately may have contemplated a private and consensual act is of no legal significance. Any such hope or expectation by an accused may not in contemplation of law project him into a posture in which he can assert a right of privacy which arguably might arise from such a projected position.

In a recent decision, this court, sitting en banc, treated standing to benefit from such an overbreadth argument. There it was used to similarly attack the proscription of sodomy and thereby bring down with it the bawdy or disorderly house proscription of D.C.Code 1973, § 22–2722. *See* Harris v. United States, D.C.App., 315 A.2d 569 (1974).[2] It was said for the entire court:

> Whatever may be the applicability of the right of privacy decisions to a homosexual act committed by two consenting adults in private, an issue which we expressly do not reach, the Supreme Court has not allowed persons to challenge the constitutionality of statutes when their own conduct could be permissibly burdened by them except under limited circumstances. . . .

> The Court has applied the "overbreadth doctrine" in the First Amendment area when the challenged law has a "chilling effect" on constitutionally preferred liberties. . . . We are cited to no decisions, however, which void statutes on their face for the inhibiting

1. The trial court's opinion covered a consolidation in the trial court of eight separate cases charging violation of § 22–2701. Three of those cases, including *Binns*, were dismissed after jeopardy had attached and therefore are not here on appeal; the remaining five cases were appealed to us in our No. 6705.

The other cases consolidated herein were dismissed by the same trial court judge, consistent with his holding in *Binns*.

2. The disposition of these appeals was deferred pending our decision in *Harris*.

effect they allegedly might have on an argued right to privacy when the party raising the challenge to the statute was not himself within the class of persons whose right of privacy was affected by the application of that statute. . . . Appellant, therefore, lacks standing to raise the potential overbreadth of D.C. Code 1973, § 22–3502. [*Id.* at 575; citations and footnote omitted.]

The basic thrust of that decision as it dealt with the overbreadth-right of privacy issue was to confine such constitutional challenge to the particular application of the specific statute involved. Since the prosecutions with which we now deal charged public solicitations of strangers for sodomy, the trial court should not have gone beyond that factual context to bring these cases under an argued right to control one's body use and function. As in *Harris* we do not pass on the hypothetical question of a purely private and consensual act, but confine our decision on the right of privacy issue to the statute as applied.

 We said in *Harris, supra* at 574 (quoting from Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed. 2d 446 (1973)):

(". . . . This privacy right encompasses and protects the personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing.")

No such interests are affected by the application of this statute to public solicitations of strangers for sodomy. Accordingly, we hold that appellees cannot benefit from an application of the overbreadth doctrine to an argued right of privacy, and that § 22–2701, as applied, does not infringe upon "personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty.' . . ." Paris Adult Theatre I v. Slaton, *supra* at 65. The orders of dismissal are reversed with directions that they be reinstated.

So ordered.