UNITED STATES, Appellant,

v.

MacArthur COZART, Appellee.

No. 7760.

District of Columbia Court of Appeals.

Argued April 15, 1974.

Decided June 17, 1974.
Rehearing and Rehearing en Banc
Denied July 31, 1974.

Garey G. Stark, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry and Edward C. McGuire, Asst. U. S. Attys., were on the brief, for appellant.

Clifford P. Brown, Washington, D. C., appointed by this court, for appellee.

Before FICKLING and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

FICKLING, Associate Judge:

Appellee was charged with the sexual solicitation of another male for a lewd and immoral purpose in violation of D.C.Code 1973, § 22–2701.[1] The motions judge, after

---

1. Section 22–2701 provides:
 Prostitution—Inviting for purposes of, prohibited.
 It shall not be lawful for any person to invite, entice, persuade, or to address for the purpose of inviting, enticing, or persuading, any person or persons sixteen years of age or over in the District of Columbia, for the purpose of prostitution, or any other immoral or lewd purpose, under a penalty of not more than $250 or imprisonment for not more than ninety days, or both.

a hearing, granted appellee's motion to dismiss the information on the ground that § 22–2701, on its face or as applied, violated the constitutional guarantee of equal protection. The government appeals. We reverse.

We consider first appellee's contention that § 22–2701 on its face violates his constitutional right to equal protection.[2] He argues as follows: Solicitation for a lewd and immoral purpose under § 22–2701 has been interpreted by this court in Riley v. United States, D.C.App., 298 A.2d 228 (1972), cert. denied, 414 U.S. 840, 94 S.Ct. 96, 38 L.Ed.2d 77 (1973), to mean a solicitation for the purpose of committing sodomy as defined in D.C.Code 1973, § 22–3502. That section provides in relevant part: "Every person who shall be convicted of taking into his or her mouth or anus the sexual organ of any other person. . . ." It is contended that two women cannot commit sodomy as defined above, but either two men or a man and a woman can violate the statute. Thus, § 22–2701 is discriminatory on its face because solicitation to commit sodomy between either two men or a man and a woman is proscribed, whereas such solicitation between women is not proscribed.

 We think that both the motions judge and appellee have interpreted § 22–3502 too narrowly. We are of the view that cunnilingus[3] is a sodomitic act[4] which is within the purview of § 22–3502.

We next consider the issue of discriminatory enforcement of § 22–2701. At the hearing on the motion to dismiss, appellee adduced the following evidence: Ms. Eva Freund, an expert witness, testified that in her opinion some women solicit other women for the purpose of committing sodomy as defined in § 22–3502. In addition, Ms. Mana Jennings testified that she had examined the arrest records covering the period from September 22, 1962 to July 20, 1973, at the Morals Division of the Metropolitan Police Department and found that only men had been arrested for solicitation to commit sodomy. There were no such arrests for women. Appellee argues that the testimony of Ms. Freund and Ms. Jennings is sufficient to prove discriminatory enforcement of § 22–2701 in violation of his constitutional right to equal protection. We disagree.

The government initially contends that the claim of denial of equal protection because of discriminatory enforcement of a penal statute is not available to a criminal defendant. Since the landmark case of Yick Wo v. Hopkins,[5] courts have uniformly held that discriminatory administration of valid statutes violates the Equal Protection Clause of the Constitution. However, the discrimination condemned in *Yick Wo* did not involve the activities of law enforcement officers; rather, it involved the activities of a municipal board of supervisors which issued permits to laundries. And subsequent decisions have not uniformly agreed that *Yick Wo* extends to law enforcement agencies.[6] At

---

2. Although the Equal Protection Clause of the Fourteenth Amendment applies only to the states, it is well settled that "the Due Process Clause of the Fifth contains the same 'pledge of the protection of equal laws' as is evident from the Fourteenth." Washington v. United States, 130 U.S.App.D.C. 374, 381–382, 401 F.2d 915, 922–923 (1968), and cases cited therein.

3. Cunnilingus is "an act of sex perversion committed with the mouth and the female sexual organ." Black's Law Dictionary 456 (Rev. 4th ed. 1968).

4. Gilmore v. People, 171 Colo. 358, 467 P.2d 828 (1970); Commonwealth v. Rundle, 200 Pa.Super. 362, 188 A.2d 843 (1963).

5. 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

6. Decisions which have extended *Yick Wo* to discriminatory enforcement of a penal statute: *e. g.*, United States v. Steele, 461 F.2d 1148 (9th Cir. 1972); Moss v. Hornig, 314 F.2d 89 (2d Cir. 1963); People v. Utica Daw's Drug Co., 16 A.D.2d 12, 225 N.Y.S. 2d 128 (1962); People v. Harris, 182 Cal. App.2d Supp. 837, 5 Cal.Rptr. 852 (1960).

this time, however, we find it unnecessary to decide this issue because appellee has not made a sufficient showing of discriminatory. enforcement. Washington v. United States, 130 U.S.App.D.C. 374, 384, 401 F.2d 915, 925 (1968).

■ The burden upon the defendant to prove discriminatory enforcement of a valid statute is heavy.[7] The prosecutor's discretion in law enforcement "is by its very nature exceedingly broad."[8] Mere laxity in law enforcement, or the existence of violators who have not been punished, does not constitute a denial of equal protection.[9] Rather, a deprivation of equal protection will only be found in the existence of intentional or purposeful discrimination.[10]

■ In the instant case the evidence shows that while some women solicit each other for sodomitic acts, only men have been arrested for homosexual solicitation under § 22–2701. There is no indication in the record, however, as to whether lesbian solicitation was known to the police. Hence, the evidence shows no more than a failure to prosecute others because of lack of knowledge. This does not constitute a denial of equal protection. Oyler v. Boles, 368 U.S. 448, 506, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

Reversed.

---

Decisions which have not so extended *Yick Wo*: e. g., Buxbom v. City of Riverside, 29 F.Supp. 3, 8–9 (S.D.Cal.1939) ; Society of Good Neighbors v. Van Antwerp, 324 Mich. 22, 36 N.W.2d 308 (1949) ; Strand Amusement Co. v. Commonwealth, 241 Ky. 48, 43 S.W.2d 321 (1931). *See also* the cases collected in Annot., 4 A.L.R.3d 404 (1965).

7. People v. Utica Daw's Drug Co., *supra* note 6. *See generally* Comment, The Right to Nondiscriminatory Enforcement of State Penal Laws, 61 Colum.L.Rev. 1103 (1961) ; Note, Discriminatory Law Enforcement and Equal Protection from the Law, 59 Yale L.J. 354 (1950).

8. Washington v. United States, *supra* at 384, 401 F.2d at 925.

9. *Id.*

10. *Id.*