Annabelle L. LUTZ, Appellant,

v.

UNITED STATES, Appellee.

No. 80–1034.

District of Columbia Court of Appeals.

Argued June 16, 1981.

Decided Aug. 10, 1981.

Michael P. Goldenberg, Washington, D.C., for appellant.

A. Carlos Correa, Asst. U. S. Atty., Washington, D.C., with whom Charles F. C. Ruff, U. S. Atty. and John A. Terry, and Michael Dillan, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and FERREN, Associate Judges.

FERREN, Associate Judge:

The trial court, after a bench trial, found appellant, Annabelle L. Lutz, guilty of sexual solicitation. D.C.Code 1973, § 22–2701. Appellant argues that the trial court erred in denying her motion for judgment of acquittal based on her theory that a constitutional right of privacy protects solicitation for prostitution in a private area between two consenting adults. We hold that the constitutional right of privacy does not protect commercial sexual solicitation. Accordingly, we affirm.

I

On the evening of May 1, 1980, Officers Miller Millard Smith, Jr., and William H. Buss, members of the vice unit of the Met-

ropolitan Police Department, checked into adjoining rooms in the Embassy Row Hotel, in order to investigate complaints about outcall massage services working in the hotels. Officer Smith telephoned an outcall massage service and arranged for a female to come to his room. Later that evening, appellant arrived. According to Officer Smith, he asked appellant how much various sexual services would cost. Appellant replied that the fee quoted over the phone was just for a nude massage and that sexual acts would cost more. After discussing the prices of explicit sexual acts, Officer Smith placed appellant under arrest. At the time of this transaction Officer Buss, in the adjoining hotel room, overheard the conversation. Officer Buss corroborated Officer Smith's testimony at trial.

At the close of the government's case, appellant moved for judgment of acquittal, arguing that a constitutional right of privacy protects solicitation in a private hotel room for consensual sexual conduct. Following submission of memoranda on the subject, the trial court denied the motion. In so ruling, the court took notice of the fact that massage services engage in public advertisements through cards and the phone book, adding that "the history of massage parlors, certainly, is that massage parlors, for the most part, are fronts for prostitution."

Following the trial court's denial of the motion, appellant testified in her own defense. She stated that she had received a call from an escort service to go to the hotel "for the purpose of massage, only." She described her discussion with Officer Smith as "almost a one-way conversation"; Officer Smith had done virtually all the talking. She stated that Officer Smith had inquired about various sexual services. After she refused to perform them, Officer Smith placed her under arrest.

The defense rested and renewed its motion for judgment of acquittal. The trial court again denied the motion, finding appellant guilty of sexual solicitation. Appellant filed a "Motion For Reconsideration Or, In The Alternative, For A New Trial," which the trial court denied. The court sentenced appellant to a fine of $200.00 or ten days in prison. Appellant paid the fine and filed this appeal.

## II.

A. The sexual solicitation statute, D.C.Code 1973, § 22–2701,[1] is not limited by its terms to public solicitations.[2] Congress, in fact, expressly removed the public element of the crime when it amended the statute in 1953. *See* District of Columbia Law Enforcement Act of 1953, Pub.L. No. 85, § 202(b), 67 Stat. 90 (codified at D.C. Code 1973, § 22–2701) (amending Act of June 9, 1948, Pub.L. No. 615, § 102, 62 Stat.

1. D.C.Code 1973, § 22–2701 provides:
    Prostitution—Inviting for purposes of, prohibited.
    It shall not be lawful for any person to invite, entice, persuade, or to address for the purpose of inviting, enticing, or persuading, any person or persons sixteen years of age or over in the District of Columbia, for the purpose of prostitution, or any other immoral or lewd purpose, under a penalty of not more than $250 or imprisonment for not more than ninety days, or both.
    In *Riley v. United States*, D.C.App., 298 A.2d 228, *cert. denied*, 414 U.S. 840, 94 S.Ct. 96, 38 L.Ed.2d 77 (1973), this court upheld the constitutionality of the clause proscribing solicitation for an "immoral or lewd purpose" against a vagueness challenge by limiting the phrase to solicitation for sodomy. *See id.* at 230–32; D.C.Code 1973, § 22–3502. We also have ruled that this provision does not violate the First Amendment, *see Riley, supra* at 232–33, equal

protection, *see United States v. Cozart*, D.C. App., 321 A.2d 342, 343 (1974), or the privacy rights of individuals soliciting strangers in public. *See United States v. Carson*, D.C.App., 319 A.2d 329, 332 (1974).

   In *United States v. Moses*, D.C.App., 339 A.2d 46 (1975), *cert. denied*, 426 U.S. 920, 96 S.Ct. 2624, 49 L.Ed.2d 373 (1976), we sustained the clause outlawing solicitation for "prostitution" against free speech and equal protection attacks, *see id.* at 50–55, and held that the clause does not unconstitutionally infringe the privacy rights of individuals soliciting for prostitution in public places. *See id.* at 50.

2. The statute does not actually use the word "solicit," *see* D.C.Code 1973, § 22–2701; note 1 *supra*, and violation does not turn on "who broaches the commercial nature of the transaction." *Dinkins v. United States*, D.C.App., 374 A.2d 292, 296 (1977) (en banc).

346). On its face, therefore, the statute does not protect sexual solicitations in private places.

Citing *Rittenour v. District of Columbia*, D.C.App., 163 A.2d 558 (1960), appellant contends that a constitutional right of privacy protects solicitation for prostitution in a private area between two consenting adults. In *Rittenour*, this court held that a related provision prohibiting "lewd, obscene, or indecent" acts (and proposals for such acts), D.C.Code 1973, § 22–1112(a),[3] did not apply to homosexual acts committed in private between consenting persons. *See Rittenour, supra* at 559. The court did so as a matter of statutory interpretation, even though Congress had amended this statute—as it had amended § 22–2701—to remove the requirement of an act in public. *See Rittenour, supra* at 559; District of Columbia Law Enforcement Act of 1953, *supra* § 202(a) (codified at D.C.Code 1973, § 22–1112(a)) (amending Act of September 26, 1942, Pub.L. No. 716, 56 Stat. 760, *as amended by* Act of June 9, 1948, *supra* § 101).[4]

It is true that a "sexual proposal" under § 22–1112(a) and a sexual solicitation under § 22–2701 ("invite, entice, persuade") are similar overtures. *See District of Columbia v. Garcia*, D.C.App., 335 A.2d 217, 221, *cert. denied*, 423 U.S. 894, 96 S.Ct. 192, 46 L.Ed.2d 125 (1975). The statutes, in fact, overlap in prohibiting invitations to sodomy. *See id.* at 223; *Riley v. United States*, D.C.App., 298 A.2d 228, 230–32, *cert. denied*, 414 U.S. 840, 94 S.Ct. 96, 38 L.Ed.2d 77 (1973); notes 1, 3 *supra*. The applications of § 22–1112(a) in *Rittenour* and § 22–2701 in this case, however, are directed at significantly different conduct.

■ Section 22–1112(a), as applied in *Rittenour*, prohibited the commission of a sexual act not involving a commercial transaction. *See Rittenour, supra* at 559. In contrast, § 22–2701, as charged here,[5] prohibits solicitation both "for the purpose of prostitution"—by definition "a straightforward business proposal," *United States v. Moses*, D.C.App., 339 A.2d 46, 52, *cert. denied*, 426

3. D.C.Code 1973, § 22–1112(a) provides:

It shall not be lawful for any person or persons to make any obscene or indecent exposure of his or her person, or to make any lewd, obscene, or indecent sexual proposal, or to commit any other lewd, obscene, or indecent act in the District of Columbia, under penalty of not more than $300 fine, or imprisonment of not more than ninety days, or both, for each and every such offense.

Fourteen years after *Rittenour, supra*, this court declared unconstitutional on vagueness grounds the clause proscribing the commission of "other lewd, obscene, or indecent act[s]." *See District of Columbia v. Walters*, D.C.App., 319 A.2d 332, 335, *appeal dismissed & cert. denied*, 419 U.S. 1065, 95 S.Ct. 650, 42 L.Ed.2d 661 (1974).

The court, however, later upheld the "sexual proposal" clause against a similar vagueness attack by limiting the provision to proposals for indecent exposure, D.C.Code 1973, § 22–1112(a), sexual acts with children, *id.* § 22–3501, and sodomy, *id.* § 22–3502. *See District of Columbia v. Garcia*, D.C.App., 335 A.2d 217, 220–23, *cert. denied*, 423 U.S. 894, 96 S.Ct. 192, 46 L.Ed.2d 125 (1975). The court also rejected an overbreadth challenge to the "sexual proposal" clause. *See id.* at 223–24.

4. *Rittenour* predated *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), in which the Supreme Court announced

the constitutional right of privacy. *See id.* at 482–86, 85 S.Ct. at 1680–83. Although appellant characterizes *Rittenour* as a precursor of the constitutional privacy cases, neither the Supreme Court nor this court clearly has determined whether a constitutional right of privacy protects private and consensual acts of sodomy. *See Doe v. Commonwealth's Attorney*, 403 F.Supp. 1199, 1200 (E.D.Va. 1975), *aff'd mem.*, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976); *Stewart v. United States*, D.C.App., 364 A.2d 1205, 1207 & n.2 (1976); *Garcia, supra* at 224; *Carson, supra* at 331–32; *Riley, supra* at 232 & n.5.

5. The government filed the following information against appellant:

SEXUAL SOLICITATION—in that [s]he unlawfully invited, enticed, persuaded and addressed for the purpose of inviting, enticing and persuading for the purpose of prostitution *and* an immoral and lewd purpose, Off. Millard Smith Jr. #4039 2–D Vice, a person who had previously attained the age of sixteen years, in violation of Section 22–2701. District of Columbia Code. [Emphasis added.]

*Compare* D.C.Code 1973, § 22–2701 ("for the purpose of prostitution, *or* any other immoral or lewd purpose") (emphasis added); note 1 *supra*.

U.S. 920, 96 S.Ct. 2624, 49 L.Ed.2d 373 (1976)—and for the "immoral or lewd purpose" of sodomy, here allegedly for a fee.[6]

Even assuming, solely for the sake of argument, that the reach of § 22–2701—when applied to a noncommercial solicitation—would be limited in accordance with the *Rittenour* construction of § 22–1112(a), that interpretation would not place appellant's commercial solicitation outside § 22–2701. We therefore must turn to the question whether a constitutional right to privacy protects commercial sexual solicitation.

B. In any context, whether an individual has a constitutionally protected right to privacy depends on both the conduct at issue and the place where that conduct occurs. One does not necessarily have a protectable privacy interest, for example, when committing a typically private act in a public place; "a man and woman locked in a sexual embrace at high noon in Times Square" cannot invoke a right to privacy. *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 67, 93 S.Ct. 2628, 2640, 37 L.Ed.2d 446 (1973). On the other hand, certain sexual activities that the law can prohibit in public may be protected in the home. *See id.* at 66 & n.13, 93 S.Ct. at 2640 & n.13; *Stanley v. Georgia*, 394 U.S. 557, 559, 89 S.Ct. 1243, 1244, 22 L.Ed.2d 542 (1969) (First Amendment prevents making a crime of possession of obscene material without intent to distribute); note 4 *supra*. Certain personal decisions and intimate relationships, moreover, are so worthy of protection that the right to privacy reaches beyond the home to other private places. For example, "the constitutionally protected privacy of family, marriage, motherhood, procreation, and child rearing ... extends to the doctor's office, the hospital, the hotel room, or as otherwise required to safeguard the right to intimacy involved." *Id.; see, e.g., Zablocki v. Redhail*, 434 U.S. 374, 383–87, 98 S.Ct. 673, 679–81, 54 L.Ed.2d 618 (1978); *Carey v.*

*Population Services International*, 431 U.S. 678, 684–86, 97 S.Ct. 2010, 2015–17, 52 L.Ed.2d 675 (1977); *Roe v. Wade*, 410 U.S. 113, 152–54, 93 S.Ct. 705, 726–27, 35 L.Ed.2d 147 (1973); *Eisenstadt v. Baird*, 405 U.S. 438, 453, 92 S.Ct. 1029, 1038, 31 L.Ed.2d 349 (1972); *Griswold v. Connecticut*, 381 U.S. 479, 482–86, 85 S.Ct. 1678, 1680–83, 14 L.Ed.2d 510 (1965).

The question here is whether commercial sexual solicitation in a hotel room warrants constitutional protection on privacy grounds against government intrusion.[7] *Compare Moses, supra* at 50 (statute proscribing soliciting for prostitution does not unconstitutionally infringe right of privacy of appellees assumed to have made solicitations in public place).

We conclude that there is no fundamental right to privacy for commercial sexual solicitation. Although the Supreme Court has recognized the First Amendment right of an individual to possess—without commercial intent—obscene material in his or her home, *see Stanley, supra* 394 U.S. at 559, 89 S.Ct. at 1244, the Court has distinguished this right from the asserted right of an entrepreneur to engage in "commercialized obscenity." *Paris Adult Theatre I, supra* 413 U.S. at 64, 93 S.Ct. at 2638. The Court has concluded that "the States have a legitimate interest in regulating commerce in obscene material ...." *Id.* at 69, 93 S.Ct. at 2642; *see id.* at 57–64, 93 S.Ct. at 2635–39.

Similarly, although the Supreme Court has recognized that the constitutional right to privacy for certain intimate conduct extends beyond the home to a hotel room, *see id.* at 66 n.13, 93 S.Ct. at 2640 n.13, this right does not extend to protection for commercial sexual solicitation. Commercial sex does not concern an intimate relationship of the sort heretofore deemed worthy of constitutional protection.

---

6. Violation of the "immoral or lewd purpose" clause of D.C.Code 1973, § 22–2701 may, but need not, involve a commercial (rather than voluntary) solicitation for sodomy. *Compare Riley, supra* at 229 *with Berneau v. United States*, D.C.App., 188 A.2d 301, 302 (1963).

7. Appellant raises no question of Fourth Amendment protections against unreasonable searches and seizures.

See *Zablocki, supra* 434 U.S. at 383–87, 98 S.Ct. at 679–81; *Paris Adult Theatre I, supra* 413 U.S. at 65–66 & n.13, 93 S.Ct. at 2639–40 & n.13; *Griswold, supra* 381 U.S. at 482–86, 85 S.Ct. at 1680–83. Nor has the Court in the least suggested that an individual's right to make the fundamental personal "decision whether or not to bear or beget a child," *Carey, supra* 431 U.S. at 685, 97 S.Ct. at 2016; *see, e.g., Roe, supra* 410 U.S. at 152–54, 93 S.Ct. at 726–27; *Eisenstadt, supra* 405 U.S. at 453, 92 S.Ct. at 1038; *Griswold, supra* 381 U.S. at 482–86, 85 S.Ct. at 1680–83, should extend to a constitutionally protected right to sell the use of one's body for sexual purposes.

■ Accordingly, the trial court properly denied appellant's motion for judgment of acquittal.[8]

Affirmed.

NEWMAN, Chief Judge:

I concur in the result of affirmance as I am satisfied on this record that, as a matter of law, appellant had no reasonable expectation of privacy in Officer Smith's hotel room.

---

[8]. Appellant's other arguments on appeal lack merit. First, we agree with appellant that the question whether massage parlors are fronts for prostitution is not an appropriate matter for judicial notice. *See generally* 1 S. Gard, Jones on Evidence §§ 2:1–:10 (6th ed. 1972 & Supp. 1980); 1 C. Torcia, Wharton's Criminal Evidence §§ 34–38 (13th ed. 1972 & Supp. 1981). *See also Moses, supra* at 49–50 (trial court improperly took judicial notice of enforcement policy of vice squad). Here, however, the trial court took such notice only in response to appellant's argument that, by analogy to *Rittenour, supra,* the law could punish only a public solicitation. Because we conclude as a matter of law that the right of sexual privacy does not encompass a right to solicit for prostitution, the question whether appellant's employment by a massage service satisfied a public solicitation requirement is irrelevant. Accordingly, the tri-

al court's erroneous extension of judicial notice was harmless. *See Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).

Second, there is no record evidence to support appellant's allegation that the trial court found appellant guilty of "being a prostitute" rather than committing an act of solicitation for prostitution. There was ample testimony to support the trial court's finding that appellant had committed such an act.

Finally, appellant's argument that the trial court abused its discretion in not granting a new trial is based entirely on appellant's theory that the trial court erred in failing to find appellant's solicitation protected under a doctrine of sexual privacy. Because we reject appellant's substantive argument on this point, the argument respecting appellant's motion for a new trial necessarily fails.