THE STATE OF NEVADA, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, THE HONORABLE JOSEPH S. PAVLIKOWSKI, District Judge, Respondent.

No. 14668

August 31, 1983                    668 P.2d 282

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Petitioner.

*Keith E. Galliher,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

Theresä·Fagan, real party in interest, was originally charged with two violations of Clark County, Nev., Code § 12.08.020 (1976) which provides that:

> It is unlawful for any person to accost, solicit, or invite another in any public place or in or from any building or vehicle by word, gesture or any other means to commit, offer, agree or afford an opportunity to commit an act of prostitution.

The justice's court, however, upon Fagan's motion, dismissed the charges against her. In so doing, the court concluded that it would violate Fagan's due process right to privacy under Griswold v. Connecticut, 381 U.S. 479 (1965), if she were to be prosecuted under the above ordinance, since the alleged acts of solicitation occurred in a private hotel room. On appeal, the district court affirmed the justice's court's order, and the state then brought the present petition for a writ of certiorari, contending that the district court erred in affirming the dismissal.[1] We agree.

It is generally accepted that while the Due Process Clause does protect many aspects of intimate sexual relations privately engaged in between consenting adults, a state may nevertheless constitutionally regulate and prohibit commercialized sexual activities, such as prostitution and solicitation. *See* Lutz v. United States, 434 A.2d 442 (D.C. 1981); State v. Henderson, 269 N.W.2d 404 (Iowa 1978). The right to privacy simply does not extend to commercial sexual activities, even when such activities take place in a private area such as a private hotel

---

[1]Contrary to Fagan's argument, we conclude that a writ of certiorari will properly issue to review the lower courts' decisions, since by finding that the ordinance could not constitutionally be applied to Fagan's conduct, the lower courts did in fact "pass upon the constitutionality" of the ordinance as required by NRS 34.020(3).

room. *See* Lutz v. United States, *supra;* Com. v. Dodge, 429 A.2d 1143 (Pa.Super.Ct. 1981). *See also* Paris Adult Theatre I v. Slaton, 413 U.S. 49, 65-66 (1973) (right to privacy only encompasses and protects "personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing," and not such things as commercialized obscenity).

We have considered Fagan's contentions in opposition to the petition, and find them to be without merit. Accordingly, we hereby grant the writ of certiorari. We vacate the district court's order affirming the decision of the justice's court which dismissed the charges against Fagan. The case is remanded to the justice's court for trial on the merits.