Raldas **THOMPSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 91–CM–1256.

District of Columbia Court of Appeals.

Argued Nov. 23, 1992.
Decided Dec. 18, 1992.

418, 101 S.Ct. at 695 (quoting *Terry,* 392 U.S. at 21 n. 18, 88 S.Ct. at 1880 n. 18) (emphasis in *Cortez* ).

Colin M. Dunham, Washington, DC, appointed by the court, for appellant.

Anthony Asuncion, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Elizabeth Trosman and Frederick W. Yette, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before STEADMAN, FARRELL and KING, Associate Judges.

STEADMAN, Associate Judge:

Appellant and Sharon Curtis were arrested together and each charged with solicitation for lewd or immoral purposes under D.C.Code § 22-2701(a) (1989).[1] On the first day of trial, Ms. Curtis pled guilty; the trial proceeded, however, against appellant. After the bench trial, at which Ms. Curtis, appellant, and one of the detectives testified, appellant was convicted of the crime charged.

Appellant argues that he cannot be convicted of inviting, enticing, persuading, or addressing Ms. Curtis for lewd or immoral purposes when she has already pled guilty to inviting, enticing, persuading, or addressing *him* for lewd or immoral purposes. He maintains that if one person is the invitor, enticer, persuader, or addressor, the other must necessarily be the invitee, enticee, persuadee, or addressee, and the statute only makes it illegal to commit the acts, not to be the recipient of them. Appellant contends that, because he merely accepted the invitation of Ms. Curtis to engage in lewd or immoral activity and then discussed the details of the ensuing agreement, he did not himself invite such activity, and therefore, he did not violate D.C.Code § 22-2701(a). We disagree with appellant's interpretation of the statute, which would essentially permit only one conviction to arise out of a single transaction, and accordingly, affirm.[2]

I.

The testimony of appellant somewhat differed from that of Ms. Curtis with regard to the events and conversation precipitating the sexual activity, and therefore, we will briefly review the testimony of both

---

1. That subsection provides:
   It shall not be lawful for any person to invite, entice, persuade, or address for the purpose of inviting, enticing, or persuading, any person or persons in the District of Columbia for the purpose of prostitution or any other immoral or lewd purpose.
   While the statute does not use the word "solicit," the crime is commonly referred to as solicitation. *See, e.g., Dinkins v. United States,* 374 A.2d 292, 294 (D.C.1977) (en banc).
   The phrase "other immoral or lewd purpose" in this statute has previously been limited by

this court to refer only to acts of sodomy, *see United States v. Miqueli,* 349 A.2d 472, 474 (D.C. 1975), which is the act involved in this case.

2. Appellant also argued in his brief that corroborating evidence is required to convict appellant of solicitation for lewd or immoral purposes and that no such evidence was produced. Subsequent to the filing of the briefs in this case, this court decided *Moore v. United States,* 609 A.2d 1133, 1135 (D.C.1992), which, as appellant conceded at oral argument, plainly refutes this argument.

appellant and Ms. Curtis. We begin with appellant's own testimony. Appellant testified that he was driving down the street at a slow speed due to the bumpy road, when Ms. Curtis "hollered out to [him], what's up or something like that." He maintained that he never honked his horn at anyone. Appellant then pulled over "[t]o see what she wanted," and Ms. Curtis asked if she could get in the car. After he answered positively and she entered the car, she told him that she was trying to make some money. At that point, appellant "knew what was up from there." Ms. Curtis then told appellant that she knew a place where they could go, at which time appellant responded that he did not "have much money, no more than about ten dollars." Ms. Curtis repeated that she knew a place where they could go, and he then drove to an alley at Ms. Curtis' direction, at which time Ms. Curtis told appellant that "she still wanted the ten dollars in exchange for having sex." They then engaged in oral sodomy.

■ Ms. Curtis' testimony, however, was different. She testified that she was walking along the street on her way home, not gesturing or waving in any way, when appellant honked his horn twice and pulled over to the side of the road. She added that although she was on her way home at the time, "since he had stopped, ... [she] might as well go ahead and trick," and therefore got into the car. Once inside the car, she introduced herself. He then asked her "what was up." At different points in her testimony, Ms. Curtis stated that her reply to this question was "whatever [you are] trying to do," and "what's up with

you?" Appellant then told her that he had ten dollars and wanted to engage in oral sodomy, to which Ms. Curtis replied, "okay." They then proceeded to the alley where they engaged in oral sodomy.[3]

## II.

■ Appellant contends that since Ms. Curtis pled guilty to engaging in the activity prohibited by § 22–2701(a) and because only one person can be the invitor, he could not also be convicted of violating the statute. This contention is contrary to the established case law in the District of Columbia. The statute does not specifically speak to whether two people can both be convicted of the crime; therefore, we turn to prior decisions of this court for guidance. In several cases, this court has affirmed the convictions of individuals who were to receive the money for the acts of prostitution or sodomy. See, e.g., Moore, supra note 2, 609 A.2d at 1135; Blyther v. United States, 577 A.2d 1154, 1155–56 (D.C.1990); Dinkins v. United States, 374 A.2d at 294–95. This court has also affirmed in several cases the convictions of the individuals who were to pay the money for the sexual acts. See, e.g., Speight v. United States, 558 A.2d 357, 358 (D.C. 1989); Turman v. United States, 555 A.2d 1037, 1038 (D.C.1989); Nche v. United States, 526 A.2d 23, 24 (D.C.1987); Muse v. United States, 522 A.2d 888, 889 (D.C. 1987); Eissa v. United States, 485 A.2d 610, 611 (D.C.1984), cert. denied, 474 U.S. 1013, 106 S.Ct. 544, 88 L.Ed.2d 474 (1985). These cases demonstrate that the statute is not limited in scope to either those individu-

---

**3.** Appellant contends that even assuming the statute allows both parties to the transaction to be convicted of solicitation for lewd or immoral purposes, there was insufficient evidence to support his conviction. This court has recently articulated the standard of review applicable in this court to claims of insufficiency of the evidence in bench trials:

"[W]e must consider the evidence in the light most favorable to the government, giving full play to the right of the judge, as the trier of fact, to determine credibility, weigh the evidence, and draw reasonable inferences.... We will reverse on insufficiency grounds only when the government has failed to produce evidence upon which a reasonable mind

might fairly find guilt beyond a reasonable doubt."

Abdulshakur v. District of Columbia, 589 A.2d 1258, 1263 (D.C.1991) (internal citations omitted) (quoting In re T.M., 577 A.2d 1149, 1151 (D.C.1990)).

In reaching its decision, the trial court relied primarily on the testimony of appellant, finding the testimony of Ms. Curtis to be of "questionable validity." We therefore look at appellant's testimony in the light most favorable to the government. Applying the above standard, we find that under either version of the facts, there was sufficient evidence for a reasonable mind to find guilt beyond a reasonable doubt.

als seeking to pay for sexual acts or those seeking to profit from those acts; both fit within the reach of the statute.[4]

Likewise, this court has affirmed the convictions of individuals who initiated the conversations, *see, e.g., Blyther v. United States*, 577 A.2d at 1155; *Rose v. United States*, 535 A.2d 849, 850 (D.C.1987), as well as the convictions of individuals who clearly did not initiate the conversations for which they were arrested. *See Moore*, 609 A.2d at 1134. In *Moore*, an undercover police officer entered a homosexual bar and told an individual in the bar that he was looking for some male prostitutes for a friend. That individual made some phone calls, and appellants came to the bar. In response to the questions of the undercover police officers, appellants stated that their services were available, and then discussed with the undercover officers the price that they would charge and the services that they would perform for that price. Because the individual on the other side of the transaction was an undercover police officer, the issue of whether that person could also be convicted of the crime did not arise. In *Moore*, however, it was the invitees that were convicted. This demonstrates that the mere fact that the other party initiated the conversation, or first suggested engaging in the sexual activity, does not shield the "invitee" from the reach of this statute.

This conclusion is most particularly supported by our en banc holding in *Dinkins*. In *Dinkins*, an undercover police officer, driving in his own car, slowed down near where appellant Dinkins was standing. He waved and said "hi" to her.

> She came over to the car, and, as she put her head through the open window, the officer said, "What are you doin[g]?" She replied, "What do you want to do?" When he inquired "What do you do?", she responded, "Anything you want."

He then inquired as to her cost and she responded, "Ten and three"—meaning ten dollars for herself and three dollars for the room. He asked where they would go and she said, "Right down the street." ... [The officer said,] [w]hat do I get for my money?" She repeated, "Anything you want."

374 A.2d at 295. Appellant Dinkins argued that " 'no solicitation was made for prostitution since Miss Dinkins's conduct was responsive [to the officer] rather than [initiatory].' " *Id.* This court noted in *Dinkins* that § 22–2701 does not use the word "solicit," as do many other state statutes. Instead, § 22–2701 refers to "invite, entice, persuade, or address." The court held that inclusion of the word "address"

> removes the suggestion that an initial, active effort to engage someone in conversation or transaction involving prostitution is a prerequisite to guilt. This conclusion is enhanced by the use of the word "entice" in the statute. An enticement also does not require an active, initiatory effort but can occur in a responsive manner.

*Id.* The court added that "[e]nticement can occur at any point in a conversation and, therefore, even responsive conduct or speech can ripen into enticement." *Id.* at 296.

We therefore conclude that appellant in the instant case could properly be convicted of solicitation for lewd or immoral purposes regardless of whether his participation in the conversation with Ms. Curtis was initiatory or responsive, because even if responsive, his participation in the conversation ripened into "inviting, enticing, persuading, or addressing" for lewd or immoral purposes. This is not a case of purely responsive conduct; the responsive conduct was itself "inviting, enticing, persuading, or addressing." There was a certain amount of negotiation involved, and appellant's part

---

**4.** The crime with which appellant and Ms. Curtis were charged, as opposed to solicitation for prostitution, does not by its terms require that any money or other consideration be involved. *Compare* D.C.Code § 22–2701.1(1) (prostitution means "the engaging, agreeing to engage, or offering to engage in sexual acts or contacts with another person in return for a fee") *with Lutz v. United States*, 434 A.2d 442, 445 n. 6 (D.C.1981) (violation of "immoral or lewd purpose" clause may, but need not involve a commercial rather than voluntary solicitation for sodomy).

of that negotiation is enough to support his conviction of solicitation for lewd or immoral purposes.

■ The cases discussed above establish that this court has previously rejected suggested limitations on the scope of § 22–2701 to the person giving the money, the person receiving the money, or the person initiating the conversation. Likewise, there is nothing discernible from the words of the statute that suggests any such limitations. While this court has heretofore not specifically addressed the question of whether *both* people involved can be convicted of the crime of soliciting for purposes of lewd or immoral acts, it would be contrary to the purpose of the statute to limit its application to only *one* of the parties involved in each case. When either individual could be convicted under the statute, including the individual who did not initiate the conversation but whose response ripened into "inviting, enticing, persuading, or addressing," forcing the government to choose one person or the other to prosecute would be nothing more than a purely arbitrary rule. We find no reason for limiting the scope of the statute in such a way. The process leading to the lewd or immoral act may readily involve invitation, enticement, or persuasion, (or addressing for one of those purposes) on the part of either side as discussion progresses; thus both parties may commit violations of the statute, as here. We therefore reject appellant's assertion that only one of the parties involved can be convicted of solicitation for lewd or immoral purposes.

*Affirmed.*