**UNITED STATES, Appellant,**

v.

**Clarence A. BUCK, Appellee.**

**No. 7580.**

District of Columbia Court of Appeals.

Submitted June 10, 1975.

Decided July 16, 1975.

Earl J. Silbert, U. S. Atty., John A. Terry, Donald L. Abrams, and Richard A. Graham, Asst. U. S. Attys., were on the brief for appellant.

No appearance was entered for appellee.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

REILLY, Chief Judge:

The government appeals from a dismissal of an information charging one count of attempting to commit sodomy in violation of D.C.Code 1973, § 22–3502. Prior to the hearing on the motion to dismiss, the parties presented to the trial court a stipulation of facts to the effect that:

> [O]n June 14, 1973, at 1:30 a. m., two police officers observed [appellee] and another male individual engaged in an act of consentual [sic] oral sodomy at 29th and Pennsylvania Avenue, Northwest, a public wooded area.

At the conclusion of a brief pretrial hearing, the trial judge granted the motion, stating:

> I construe this statute in order to save its constitutionality to mean and apply only to non-consentual [sic] acts of sodomy, be they public or private.

We are aware of no holding of the Supreme Court or of any appellate court in

this jurisdiction which provides support for this ruling. This is but the most recent of a series of cases in which this court has been urged to hold that § 22–3502 (defining the crime of sodomy and making conduct so defined a felony) cannot constitutionally be applied to acts described therein when performed by mutually consenting adult males. This court has repeatedly rejected this proposition. *United States v. McKean,* D.C.App., 338 A.2d 439 (1975); *United States v. Carson,* D.C.App., 319 A.2d 329 (1974); *Harris v. United States,* D.C. App. (en banc), 315 A.2d 569 (1974); *Riley v. United States,* D.C.App., 298 A.2d 228 (1972) (amended by Order, Feb. 20, 1973). The United States Court of Appeals for this circuit has overruled a similar objection to the Virginia sodomy statute, *Velez-Lozano v. Immigration and Naturalization Service,* 150 U.S.App.D.C. 214, 463 F.2d 1305 (1972) (sustaining a deportation order based solely upon a conviction for consensual sodomy). Consequently the trial court's underlying premise that the statute can be validly enforced only against forcible acts of sodomy is clearly error.

In reaching the result it did, the trial court apparently relied upon some observations of the Chief Judge of the Superior Court in *United States v. Griffith,* Cr.No. 53440–72 (Super.Ct.D.C., March 19, 1973), 101 D.W.L.R. 763. That opinion, in turn, adopted the reasoning and conclusions of another trial judge in a case cited in *United States v. Doe,* Cr. No. 71860–71 (Super.Ct.D.C., Feb. 21, 1973)—a decision reversed by this court, *sub nom., United States v. Montalvo,* D.C.App.No. 7301, December 13, 1974 (unreported judgment).

The continuing theme of the argument that sodomitic acts between consenting adults are immune from criminal cognizance is that such conduct is protected by some nebulous constitutional right of privacy. Proponents of this view, including counsel for the defendant in this case, point to two decisions of the Supreme Court as showing recognition of such an immunity, *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), and *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). In *Griswold,* a state statute directed against the use of contraceptives was struck down as an unwarranted intrusion upon the privacy of the marital bed, and in *Stanley,* the Court upheld the right of an individual to keep obscene materials in the privacy of his home. The analogy between the factual situations in those cases and the kind of conduct at which the sodomy statute is aimed is plainly tenuous.[1]

■ In any event, any arguable right to privacy for persons engaging in such conduct does not extend beyond the seclusion of the home. No immunity attaches to acts performed in a cubicle, or bedroom of a homosexual house of assignation, *United States v. McKean, supra; Harris v. United States, supra,* or behind the curtained arcade of a bookstore, *United States v. Montalvo, supra.*

■ Plainly, in this case, participants in an act performed in a "public wooded area" cannot invoke a right to privacy even though they may have believed that because of the hour of the night and the density of the foliage, their behavior would go unobserved. Accordingly, the order dismissing the information must be set aside.

*Reversed and remanded.*

---

1. Also cited in the brief of defense counsel is *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), holding that a woman has a right to terminate a pregnancy in its early stages. Whatever bearing that decision may have on the instant case is difficult to perceive.